### D. T. GARTH v. T. L. CHILDS ET AL.

Decided March 5, 1910.

**1.—Practice—Due Order of Pleading.**

The answer of a defendant consisted of a general and special exception, a plea to the jurisdiction, and a general denial, all contained on one page and all filed at the same time. A motion to strike out the plea to the jurisdiction on the ground that it was not filed in due order of pleading, was properly overruled.

**2.—Jurisdiction—Amount in Controversy.**

In the absence of evidence to show, and of a finding, that a plaintiff had alleged the amount in controversy at an amount beyond the jurisdiction of a Justice's Court for the fraudulent purpose of conferring jurisdiction on the County Court, it is the duty of the County Court to render judgment for the amount found to be actually due although it be below the original jurisdiction of that court.

Error from the County Court of Freestone County.    Tried below before Hon. John Terry.

*Alexander & Hogsett* and *D. S. Garth,* for plaintiff in error.

No brief for defendant in error.

BOOKHOUT, ASSOCIATE JUSTICE.—This suit was instituted by D. T. Garth to recover of T. L. Childs and the city of Teague certain attorney's fees alleged to be due him.    It was alleged that the city of Teague was duly incorporated and that Childs was its mayor and also its recorder; that plaintiff was city attorney of said city and that by virtue of his office he was entitled to the sum of $210, as fees in seventy-one cases, wherein pleas of guilty were entered in the corporate court and an attorney's fee of $3 was paid and which fine and costs had been paid the said recorder.

The defendants answered by a general and special exception, a plea to the jurisdiction, alleging in substance that if there was anything due plaintiff by the city it was not more than $40 and that he had alleged the amount to be over $200 for the fraudulent purpose of conferring jurisdiction on the County Court.    Defendants also plead a general denial.

The case was tried by the court without a jury.    The trial court filed conclusions of fact wherein it found, among other findings, that Garth was city attorney; that the city of Teague was duly incorporated under the general laws of. Texas; that T. L. Childs was its mayor and ex-officio recorder; that during the time set out in the petition there had been twenty-four cases tried in the recorder's court in which a plea of guilty was entered, upon which judgment had been entered, and the fine and costs paid, including a fee of $3 assessed and collected for the attorney, making a total of $72.    The court concluded as a matter of law that there was due appellant as attorney's fees $72.    The court being of the opinion that he did not have jurisdiction to render judgment for this amount he dismissed the case for want of jurisdiction.

The answer of defendants consisted of a general and special exception, a plea to the jurisdiction, and general denial, all contained on one page and all filed at the same time.    The plaintiff filed a motion to strike out the plea to the jurisdiction because it was not filed in due order of pleading, it being contended that the plea to the jurisdiction was waived by it because filed after the general and special exceptions.    The entire answer was on one sheet of paper, and was filed June 3, 1908.    It not appearing that the plea to the

jurisdiction was filed after the exceptions, the same was not waived by the fact that the exceptions preceded the plea. (Collin County Natl. Bank v. Turner, 111 S. W., 670.)

The trial court was of the opinion that because the evidence showed that plaintiff's proof only entitled him to recover $72, that the County Court was without jurisdiction to enter judgment for that amount. In this the court erred. There was no finding that the plaintiff had alleged in his petition the amount of the indebtedness due him by defendants at $210 for the fraudulent purpose of conferring jurisdiction on the County Court, nor is there any evidence in the record to support such a finding. In the absence of a finding that the plaintiff alleged the indebtedness to be $210 for the fraudulent purpose of conferring jurisdiction on the County Court, that court had jurisdiction of the case. It was the duty of the court, under the facts, to render such judgment for plaintiff as the evidence authorized, which, as shown, was $72. The judgment will therefore be reversed and judgment here rendered that the appellant have and recover of appellees judgment for $72 with six percent per annum interest from July 20, 1908, the day of trial in the County Court. All costs are taxed against appellees.

*Reversed and rendered.*