CITIZENS' WATER CO. et al. v. McGINLEY et al. (No. 434.)

(Court of Civil Appeals of Texas. El Paso. April 8, 1915.)

1. APPEAL AND ERROR ⬦544—STATEMENT OF FACTS—REVIEW—FINDINGS OF FACT.

In the absence of a statement of facts, the findings of fact cannot be reviewed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2412–2415, 2417–2420, 2422–2426, 2428, 2478, 2479; Dec. Dig. ⬦544.]

2. DEEDS ⬦161—CONDITIONS—TIME OF PERFORMANCE—REASONABLE TIME.

No time being specified for the drilling of a well, which a deed makes part of the consideration, and, failing to do which, provides that the land shall be reconveyed for the same money consideration paid, the law implies that it shall be done in a reasonable time.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. § 518; Dec. Dig. ⬦161.]

3. DEEDS ⬦165—CONSIDERATION—FAILURE—RECONVEYANCE.

Under a deed requiring the grantee, as part of the consideration, to drill a well within a reasonable time and, failing to do so, to reconvey for the same money consideration, the

grantor has a right to a reconveyance on such failure, then tendering the money.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. § 521; Dec. Dig. ☞165.]

4. DEEDS ☞147—CONDITIONS—MUTUALITY.

There is no want of mutuality in the contract evidenced by a deed requiring the grantee within a reasonable time to drill a well as part of the consideration and, failing to do so, to reconvey for the same money consideration as was paid.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 473–477; Dec. Dig. ☞147.]

5. DEEDS ☞168—CONDITION SUBSEQUENT—FORFEITURE.

An estate held on condition subsequent is defeated when the condition is broken and the grantor makes entry with intent to forfeit the grant; the estate thereby being reinvested in him, so that thereafter he may convey to another.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 526–533; Dec. Dig. ☞168.]

6. SPECIFIC PERFORMANCE ☞17—RIGHTS ASSIGNABLE—RECONVEYANCE OF LAND.

If a provision of a deed does not make the estate granted one on condition subsequent, which may be defeated by re-entry, but is a mere agreement to reconvey on certain contingencies, the right to enforce specific performance of it is assignable.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. §§ 38–46; Dec. Dig. ☞17.]

Appeal from District Court, Terrell County; W. C. Douglas, Judge.

Action by the Citizens' Water Company and another against Edward McGinley and another. Judgment for defendants, and plaintiffs appeal. Affirmed.

A. T. Folsom, of Sanderson, for appellants. Boggess & Smith, of Del Rio, for appellees.

HIGGINS, J. The Citizens' Water Company and its president, W. D. Hunter, brought this suit against Edward McGinley and N. G. Rawls in trespass to try title. The case was tried without a jury, and judgment rendered in favor of defendants.

Findings of fact and conclusions of law were filed by the trial court as follows:

"Findings of Facts.

"(1) On October 24, 1912, defendant N. G. Rawls executed and delivered to the Citizens' Water Company, a joint stock company, a warranty deed to the land sued for herein, which said deed recited that it was made for a consideration as follows: 'In consideration of the sum of fifty dollars to me in hand paid by the Citizens' Water Company, the receipt of which is hereby acknowledged and for the further consideration that the said the Citizens' Water Company obligate themselves to drill a well upon the tract of land herein conveyed and to furnish to this grantor at all times after the completion of said well free water for the use of the blacksmith shop owned by this grantor and sufficient for all requirements and failing to comply herewith, they, the Citizens' Water Company, obligate themselves to reconvey back to the said N. G. Rawls, the land herein granted and sold for the same consideration of fifty dollars.'

"(2) On October 17, 1913, defendant Rawls took possession of the property (the same then being vacant, unimproved, and unoccupied property) and fenced the same, he having previously tendered to W. D. Hunter, the president of the said Citizens' Water Company, the sum of $50 in cash and having demanded of said Hunter a reconveyance of said property to himself.

"(3) I find that plaintiffs did not drill within a reasonable time after October 24, 1912, and had not on October 17, 1913, drilled a well upon the premises in question and did not at any time furnish or offer to furnish the said N. G. Rawls with water for his blacksmith shop, and the evidence discloses that the said Citizens' Water Company did not use reasonable diligence towards having the well drilled as per said covenant.'

"(4) On October 28, 1913, N. G. Rawls executed and delivered to defendant E. McGinley a warranty deed to the land in question.

"Conclusions of Law.

"(1) I conclude that the Citizens' Water Company obligated itself in said deed to drill a well upon the premises conveyed to it within a reasonable time after the delivery of said conveyance (October 24, 1912) and to furnish the said N. G. Rawls with water as there stated.

"(2) The Citizens' Water Company, having failed within a reasonable time to carry out the aforesaid obligation, assumed, in the acceptance of said deed, the said N. G. Rawls had a right, as per the express terms of said deed, to a reconveyance of said premises upon the payment or tender of payment by him of the sum of $50.

"(3) Under the findings of fact and conclusions of law aforesaid, defendant E. McGinley, as the vendee of N. G. Rawls, is entitled to recover the said land."

Opinion.

[1] In the absence of a statement of facts, the findings of fact cannot be reviewed. For this reason, the first assignment is overruled. The remaining assignments read:

Second: "The court erred in holding, in the first paragraph of conclusions of law, that the Citizens' Water Company obligated itself to drill a well upon the premises in controversy within a reasonable time after the delivery to it of the conveyance to said property."

Third: "The court erred in holding, in the second paragraph of conclusions of law, that the Citizens' Water Company having failed to drill a well within a reasonable time, N. G. Rawls had a right to reconveyance of the property in controversy upon the payment or tender of payment by him of the sum of $50."

Fourth: "The court erred in holding, in the third paragraph of conclusions of law, that E. McGinley, as vendee of N. G. Rawls, is entitled to recover said land from plaintiff the Citizens' Water Company."

[2-4] No time being specified within which the well was to be drilled, the law implied that it should be done in a reasonable time; and, the company having failed to do so, Rawls had the right to demand a reconveyance of the premises upon tender of $50. There is no want of mutuality in the contract evidenced by the deed.

[5, 6] In support of the fourth assignment, it is urged that the agreement to drill a well on the premises and furnish water to Rawls was a covenant personal to Rawls and was waived by his conveyance to McGinley, leaving the Citizens' Water Company, the owner of the premises, discharged of its obligation to drill and furnish water. Under

any view which may be taken of this assignment, it must be overruled.

An estate held upon condition subsequent is defeated when the condition is broken and the grantor makes entry upon the premises with intent to forfeit the grant. It is true this right of entry is personal to the grantor and his heirs, and cannot be aliened or assigned; but in the case at bar, when the condition was broken, the entry was made by the grantor himself, $50 tendered as the contract provided and a reconveyance demanded. The estate was thereby reinvested in him. 1 Warvelle on Vendors (2d Ed.) §§ 446, 447; 2 Washburn on Real Property (6th Ed.) §§ 953–958. Obviously he could then convey the premises to McGinley.

On the other hand, if we consider the grant to appellant as being not upon condition subsequent, but rather in the nature of an agreement to reconvey upon certain contingencies (if this can be differentiated from a condition subsequent), then, under the deed, the company had obligated itself to reconvey the premises to Rawls in the event it failed to drill a well within a reasonable time and furnish water for the use of the blacksmith shop owned by the grantor free of charge. Upon failure so to do, Rawls had the right to demand specific performance of the agreement to convey, and, if his interest was more than a mere right of re-entry for breach of condition subsequent, it was assignable and passed by his conveyance to McGinley; it being well settled that the right to enforce specific performance of an agreement to convey is assignable. 4 Cyc. 14; 36 Cyc. 758, 759.

For the reasons indicated, the trial court did not err in the legal conclusions which it deduced from the facts found.

Affirmed.