## THE WORLD COMPANY v̇. F. G. DOW.

No. 4600.    Decided October 27, 1926.
(287 S. W., 241).

### 1.—Venue—Plea of Privilege—Burden of Proving Exception—Pleading.

Where on defendant's plea of privilege to be sued in the county of his domicile plaintiff relies on an exception to the general rule (promise to perform in the county where suit was brought, Rev. Stats., 1925, Art. 1995) the burden is on him, when such fact is controverted by affidavit (Rev. Stats., 1925, Arts. 2007, 2008), to establish by proof the facts sustaining the exception so claimed. . That the allegations of his petition show such promise is not sufficient without proof thereof.   (Pp. 150, 151).

### 2.—Same—Presumption.

An order of the court showing that defendant's plea of privilege was overruled as insufficient in law "after hearing said plea and the plaintiff's controverting affidavit" precludes the presumption, in the absence of any showing by the record, that evidence was introduced by plaintiff to sustain the facts set up in such affidavit as to a promise to perform in the county. (P. 151).

### 3.—Pleading—Time of Filing.

A defendant corporation, having previously filed only a plea of privilege as to venue, first filed its original answer on the day set for trial, presenting therein a plea of *ultra vires* to its contract alleged by plaintiff. Having the right to file an answer at any time before judgment taken by default (Rev. Stats., 1925, Art. 2009) it was error to strike out such plea on the ground that it would necessitate a continuance by plaintiff to meet it and was not filed in the time required by the statute.   Failure to file it in the time so required gives plaintiff the right to take judgment by default, but, this not being done, does not deprive defendant of the right to answer, and Art. 2001, Rev. Stats., 1925, relating to amendments has no application. (Pp. 152, 153).

Questions certified from the Court of Civil Appeals for the Second District on error from Archer County.

The Supreme Court, having referred the questions to the Commission of Appeals, Section A, for its opinion thereon, here adopts same as its answer to the court certifying them.

*Samuels & Brown* for plaintiff in error, The World Co.

The mere allegation of venue in the plaintiff's petition does not suffice to establish such venue when a plea of privilege prepared under the statute is filed within the requisite time.   The preparation and filing of a plea of privilege, in and of itself, requires the change of venue to the domicile of the defendant presenting such plea, unless such plea of privilege is itself challenged by a controverting affidavit, and evidence in support of such controverting affidavit is adduced thereon.   Craig v. Pittman & Harrison Co., 250 S. W., 667; Henry v. Henry, 251 S. W., 1038; Bennett v. Rose Mfg. Co., 226 S. W., 143; Brooks v.

Wichita Mill & Elev. Co., 211 S. W., 288; Littlefield State Bank v. Moore, 257 S. W., 1007.

The language of the court admits of no duplicity. It states that the court, after hearing the plea of privilege and the plaintiff's controverting affidavit, was of the opinion that the law was against the plea of privilege, and therefore adjudged that the plea be overruled. It is our contention, and we think we are abundantly sustained in that respect, that where the order of the court sets out what was done, there can be no presumption that something else was done beyond the recital of the court's order. Hunton v. Nichols, 55 Texas, 217.

The defendant in the court below had the right to file an original answer setting up matters of defense at any time before the parties announced ready for trial, particularly where no default judgment had been taken by the plaintiff. Boles v. Linthicum, 48 Texas, 220; City of Jefferson v. Jones, 12 S. W., 749; Anderson v. Nuckles, 34 S. W., 185; Stout v. Myers, 242 S. W., 1109.

*T. B. Greenwood* for defendant in error, Dow.

There is nothing in this record to show that there either was or wasn't evidence heard by the trial court in support of defendant in error's plea of privilege on the hearing of the plea of privilege. Gohlman, Lester & Co. v. Griffith, 245 S. W., 233.

The trial court properly overruled defendant's plea of privilege to have said cause removed to the District Court of Tarrant County, Texas, for the reason that the record shows that the basis of plaintiff's suit was a written contract duly executed between plaintiff and defendant, which contract was made a part of plaintiff's original petition, and was by its provisions to be performed in Archer County, Texas. Vernon's Sayles, Stats., Art. 1830, Subd. 5; Watson v. Landa Cotton Oil Co., 228 S. W., 243.

Defendant's plea of *ultra vires* was filed too late and was properly struck out. Vernon's Sayles' Rev. Stats., Art. 1904; Anderson v. Nuckles, 34 S. W., 184; Stout v. Meyers, 242 S. W., 1109.

MR. JUDGE BISHOP delivered the opinion of the Commission of Appeals, Section A.

This case is submitted on questions certified by the Court of Civil Appeals for the Second Supreme Judicial District with the following statement, to-wit:

"In this case appellee, plaintiff below, sued in the District

Court of Archer County, The World Company, a corporation, alleging that on July 21, 1924, a certain contract was entered into by plaintiff and defendant, in which plaintiff agreed to drill a well for defendant, for oil and gas, on the southwest part of the north two hundred acres of the T. E. L. Company survey, No. 1851, located in Archer County. That said contract provided that defendant should pay to plaintiff the sum of $87.50 a day for full 24-hour crew and the use of the rig for all shut-down time for which defendant was responsible. That defendant failed to furnish fuel oil as agreed to for twenty-one days, and therefore was liable therefor. That in addition thereto plaintiff, under the orders of the Railroad Commission, was required to plug said well, when it had reached the required depth, and that the reasonable and customary compensation for said plugging was $87.50 for each one of the three days consumed in said plugging.

"Defendant filed on April 2, 1925, its plea of privilege to be sued in Tarrant County, the county of its domicile. This plea was controverted by plaintiff, who alleged that the cause of action was properly brought in Archer County, under Sec. 5, Art. 1830 (1914), which provides that where a person has contracted in writing to perform an obligation in any particular county, suit may be brought either in such county or in the county of defendant's domicile. The trial court overruled the plea of privilege. No evidence is shown in the record to have been introduced in the hearing of the plea of privilege.

"On the day of the trial, May 27, 1925, defendant filed its original answer, consisting of a general demurrer, a general denial, and specially denied that the contract provided for any recovery for shutdown time. In paragraph 4 defendant specially pleaded *ultra vires*, as follows:

"And for further special plea in this behalf, if same be necessary, this defendant would aver and show that the contract upon which the plaintiff declares herein, is invalid and is unenforceable against this defendant because said contract is one which this defendant is without lawful authority or ability to make or sign, for that said contract is one for the drilling of an oil well and matters connected therewith, whereas, this defendant is a corporation incorporated under the laws of the State of Texas for the purpose of printing and publishing books, magazines, circulars, and doing a general printing business, of which plaintiff, by reason of the records in the office of the Secretary of State of the State of Texas, where the original charter of the defendant company, setting forth its purposes, powers, and

functions, is kept, must take notice; and in support thereof this defendant attaches hereto a certified copy of said Articles of Incorporation, and marks them Exhibit 'A' and prays that same be taken as a part of this answer.

"Plaintiff objected to the filing and proof thereunder of said paragraph 4 in defendant's answer, on the ground, as shown by the trial court's qualification of defendant's bill of exception No. 4, that said answer set up matters that would necessarily cause a continuance of said cause, and, as shown by defendant's bill of exception No. 4, that said answer and defense had been filed too late, and was a complete surprise to the plaintiff. The court sustained the objection of plaintiff and struck out said paragraph and rendered judgment for the plaintiff in the sum of $1,750. From this judgment the defendant has appealed.

"The two principal assignments presented in appellant's brief are that the court erred in striking out said paragraph of its answer, and erred in refusing to admit in evidence the charter of the defendant, showing that the defendant was incorporated for the purpose of conducting a printing or publishing business, and the purchase and sale of goods, wares and merchandise used for such business, and that in contracting for the drilling of an oil well its act was *ultra vires*.

"If the trial court did not err in sustaining the objection to the filing and consideration of paragraph 4, then we understand that the trial court's action in refusing to admit the defendant's charter should be sustained, for the reason that, if the paragraph mentioned was excluded, there was no pleading justifying the admission of evidence tending to support it.

"There is in the record a statement of facts of the evidence introduced in the trial on the merits, but, as before stated, there is no record of any evidence having been introduced on the hearing on the plea of privilege."

The court's qualification of appellee's bill of exception referred to in the statement is as follows:

"On the second day of the May term of court this cause was set down for trial, and was tried during the fourth week of said term. On the day same was called finally for trial the defendant presented the answer referred to in this bill and asked that he be allowed to file same, whereupon plaintiff announced that the filing of said answer would set up matters that would necessarily cause a continuance of said cause, and said answer was not permitted to be filed at said time because more than three weeks

had elapsed since said cause was set down for trial, and same was not presented for filing until the day of trial."

The questions certified are:

"1.   In the absence of any showing that evidence was introduced on the hearing of the plea of privilege that plaintiff's cause of action was based on a contract in writing to perform a service in Archer County; (a) was the trial court justified in overruling said plea, by virtue of the fact that the plaintiff's petition on its face showed that venue of the suit was properly laid in Archer County? (b) Or if the trial court was not justified in considering the petition, in the absence of the evidence tending to show its nature, would this court have the right to presume that there was evidence tending to support the action of the trial court?

"2.   Did the trial court err in striking out paragraph 4 of the defendant's answer?"

In explanation of question No. 2 the court states:

"The question before us, and the question submitted to your Honors is, did the trial court err in striking out a part of the original answer of defendant, though the answer might have pleaded facts upon which the plaintiff was not ready to go to trial, and, if the answer had been permitted to be filed or had not been stricken out, a continuance would have resulted?"

(1)   In the case of Coalson v. Holmes, 111 Texas, 502, 240 S. W., 898, the court says:

"To deprive a defendant of the right of trial in the county of his domicile, the case against him must be within an exception to Article 1830 of the Revised Statutes. With the venue challenged, under proper plea, by one sued without his county, as shown by the plaintiff's pleading, or by proof, the burden not only to allege but to prove that the case is within one of the exceptions to the statute rests on the plaintiff. Pecos & N. T. Ry. Co. v. Thompson, 106 Texas, 460, 167 S. W., 801; Hilliard v. Wilson, 76 Texas, 184, 13 S. W., 25; Durango Land & Timber Co. v. Shaw (Texas Civ. App.), 165 S. W., 490; Cloyd v. Sacra (Texas Civ. App.), 175 S. W., 457; Graves v. McCollum & Lewis (Texas Civ. App.), 193 S. W., 217."

Here the plaintiff in the trial court was seeking to deprive the defendant of the privilege of trial in the county of its domicile by reason of an exception to Art. 1830 of the Revised Civil Statutes of 1911 (Art. 1995, R. C. S. 1925), and had the burden of showing by both allegation and proof that his case came within such exception. If issue on the exception claimed was joined by controverted affidavit and notice thereof or waiver

of such notice as provided by Art. 1903, R. C. S., 1911, as amended by the Act of the Legislature of 1917, Chap. 176, p. 388, paragraph 1 (Arts. 2007, 2008, R. C. S., 1925), the burden rested upon him to offer evidence to show the existence of such exception. In the absence of any such showing, the trial court was not justified in overruling the plea of privilege by virtue of the fact that the plaintiff's "petition on its face showed that venue of suit was properly laid in Archer County," the allegations contained in his petition not being proof of the facts alleged. See also Richardson v. D. S. Cage Company, 113 Texas, 152, 252 S. W. 747.

(2) In the case of Gohlman, Lester & Company v. Griffith, 245 S. W., 233, the court says:

"In the absence of the evidence adduced on the hearing of defendant's plea of privilege, and in the absence of an affirmative showing that no evidence was adduced at such hearing, we must presume that facts were shown which gave the court jurisdiction and justified or required the judgment overruling such plea. Graves v. Bank, 77 Texas 555, 556, 14 S. W., 163; Robinson v. Chamberlain, 29 Texas Civ. App., 170, 68 S. W., 209 (writ refused); Mallow v. Raynes (Texas Civ. App.), 188 S. W., 23; Chamberlain v. Carroll (Texas Civ. App.), 59 S. W., 624; Campbell v. Cates (Texas Civ. App.), 51 S. W., 268; Guerra v. Guerra (Texas Civ. App.), 158 S. W. 191."

The order of the trial court overruling the plea of privilege shown in the transcript accompanying the certificate is as follows:

"This day come on to be heard the defendant's plea of privilege to be sued in the county of its residence to-wit: the County of Tarrant and State of Texas, and the Court after hearing said plea and the plaintiff's controverting affidavit is of the opinion that the law is against said plea of privilege and it is therefore ordered, adjudged and decreed by the Court that defendant's plea of privilege to be sued in Tarrant County, Texas, is overruled."

It affirmatively appears from the recitals contained in this order that the court heard and considered no evidence, but that judgment was rendered on consideration of the pleadings alone. These recitals should be taken as showing no evidence was adduced on the plea of privilege. The burden was on the plaintiff (appellee) to prove by the introduction of evidence his right to prosecute his suit in a county other than that of defendant's residence. In the absence of such proof, he was not entitled to judgment in his favor. It affirmatively appears from the

record on appeal in this case that he has obtained the judgment without the proof necessary to sustain it.

(3) "At any time before a judgment by default has been actually announced by the court a defendant has the right to file his answer." City of Jefferson v. Jones, 74 Texas, 635. He may plead in his answer "as many several matters, whether of law or fact, as he shall think necessary for his defense, and which may be pertinent to the cause; provided, that he shall file them all at the same time and in due order of pleading." Art. 2006, R. C. S., 1925.

Art. 2009, R. C. S. 1925, providing that "where citation has been personally served at least ten days before the first day of the term to which it is returnable, exclusive of the day of service and return, the answer of the defendant shall be filed on or before the second day of the return term, and before the call of the appearance docket on said second day," gives to the plaintiff the right to take judgment by default in case answer is not filed within the time provided, but does not deprive the defendant of his right to file his answer at any time before judgment by default is actually taken.

Art. 2001, R. C. S. 1925, providing that "all amendments to pleadings, pleas and the pleas of intervention, must, when court is in session, be filed under leave of the court, upon such terms as the court may prescribe, before the parties announce ready for trial, and not thereafter," has no application to the right of a defendant to file his original answer, and does not affect such right.

No exception to the special answer quoted in the above statement was contained in the pleadings of appellee, and the only question presented on appeal and certified is whether the trial court erred in striking said plea from the record on the objection or suggestion made on the ground that same was not filed until the day set for trial, and would necessitate a continuance of the case. This objection or suggestion presented no sufficient reason for striking the plea from the record, and the action of the court thereon based on the reason assigned was error. The question whether this error was material and should require reversal of the judgment is not here presented and has not been considered. Nor have we considered the question whether exception to the plea, if properly presented, should have been sustained. Appellant had the right to file its answer at any time before judgment was rendered against it, and could not be deprived of this right at the discretion of the trial court.

We recommend that the answer to the questions certified be

that the trial court was not justified in overruling the plea of privilege by virtue of the allegations contained in the plaintiff's petition; that by reason of the recitals contained in the order overruling the plea of privilege, the Court of Civil·Appeals would not have the right to presume that there was evidence tending to support the action of the trial court; and that the trial court erred in striking out paragraph 4 of the defendant's answer on the ground that, if same was allowed to remain as part of the pleadings, it would require a continuance of the case.

The opinion of the Commission of Appeals answering certified questions adopted and ordered certified to the Court of Civil Appeals.                    *C. M. Cureton,* Chief Justice.