## CITIZENS' NAT. BANK OF WACO v. DEL RIO BANK & TRUST CO.  (No. 8088.)

Court of Civil Appeals of Texas.  San Antonio.
Nov. 21, 1928.

Trippet, Richey & Sheehy, of Waco, for appellant.

J. J. Foster, of Del Rio, for appellee.

FLY, C. J. Appellee sued on two certified checks, one for $500, the other for $1,000, payable to the order of H. M. Jones, executed by appellant on February 14, 1928. Said checks were indorsed in blank by H. M. Jones and L. S. Garza; and, upon the checks being presented by Garza to appellee in Del Rio, they were paid by appellee and sent to appellant for payment. Appellant refused to pay the checks. The petition showed that Garza resided in Val Verde county, that H. M. Jones resided in McLennan county, and that appellant had its domicile and place of business in Waco, McLennan county, Tex. Appellant filed a plea of privilege and also at the same time a plea in abatement. The latter was based on an allegation that H. M. Jones had, prior to the filing of this suit, filed a suit against appellant on said checks and that the same was still pending.

■ It is claimed that exception No. 4 to article 1995, Revised Statutes 1925, would effectually prevent appellee from suing appellant in Val Verde county, because it is therein provided that:

"The transfer or assignment of a note or chose in action shall not entitle any subsequent holder to sue thereon in any other county than that in which such suit could have been prosecuted if no assignment or transfer had been made."

Under the construction of that exception presented by appellant, no negotiable paper of a bank could be sued on except in the county of the domicile of the bank or other party executing a note, check, or other negotiable paper, and such construction would greatly hamper and impair commercial transactions. The statute, we believe, should not be so construed. The provision under consideration was undoubtedly intended to prevent fraud in the assignment of claims so as to give jurisdiction in a certain county.

■ However that may be, in 1927, the Fortieth Legislature (Gen. & Sp. Laws, 1st Called Sess. c. 72) passed the following act:

"Whenever there are two or more defendants in any suit brought in any county in this state and such suit is lawfully maintainable therein under the provisions of Article 1995 as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto."

While there is no repealing clause in the act, the provision was evidently intended to supersede and take the place of section 4. It legislates on the same subject and amplifies and makes clearer that exception. If the last act is in conflict with the former one, then the former must give way to the latter. If the suit was not maintainable in Val Verde county against appellant under the old law, it is undoubtedly properly instituted in Val Verde county under the act of 1927, herein quoted, under proper proof.

■ The filing of the plea in abatement by appellant was not a waiver of the plea of privilege, as has been held in several instances. They were filed at the same time, and in the plea in abatement it was clearly and forcefully alleged that there was no waiver of the plea of privilege. Benson v. Fulmore (Tex. Com. App.) 269 S. W. 71; Garth v. Childs, 59 Tex. Civ. App. 487, 126 S. W. 284.

■ When appellant filed its plea of privilege to be sued in McLennan county, it was entitled to a change of venue unless appellee filed a controverting affidavit and sustained the same by evidence. In other words, the burden of proof rested upon appellee to show by evidence that appellant had been brought within the purview of the exception providing that where one or more defendants reside in one county other parties not residing in that county could be sued therein. Hilliard v. Wilson, 76 Tex. 180, 13 S. W. 25; Pecos & N. T. Railway Co. v. Thompson, 106 Tex. 460, 167 S. W. 801; Coalson v. Holmes, 111 Tex. 502, 240 S. W. 896; Elliott Jones & Co. v. Production Co. (Tex. Civ. App.) 283 S. W. 246. The statement of facts in this case consists of copies of pleadings in this suit and in a suit in McLennan county, and the testimony of John J. Foster that he resided in Val Verde county, that Santos Garza resides in the same county and has so resided for 23 years, and that appellee is duly chartered under the laws of Texas. There was no proof that Garza had indorsed the checks and that appellee had paid him in Del Rio the amounts evidenced by the checks. These were essential facts in the case. Even if the controverting affidavit had appeared in the statement of facts it would not have been proof of the facts stated therein. The petition was not proof of the facts alleged therein. As said in World Co. v. Dow, 116 Tex. 146, 287 S. W. 241:

"The burden was on the plaintiff (appellee) to prove, by the introduction of evidence, his right to prosecute his suit in a county other than that of defendant's residence. In the ab-

sence of such proof, he was not entitled to judgment in his favor."

Because there is no evidence to show that appellant was not entitled to be sued in the county of its domicile, the judgment is reversed, and the clerk of the district court is ordered to prepare and send the papers in the suit, together with a copy of the order of the court, to the clerk of the district court at Waco, in McLennan county, Tex.