## MUTUAL LIFE INS. ASS'N OF TEXAS v. REYNOLDS. (No. 3165.)

Court of Civil Appeals of Texas. Amarillo. Jan. 30, 1929.

Underwood, Strickland & Thomerson, of Amarillo, for appellant.

Reynolds & Heare and Hill & Engledow, all of Shamrock, for appellee.

JACKSON, J. This suit was instituted in the district court of Wheeler county, Tex., on August 11, 1928, by the appellee, M. Reynolds, against the appellant, the Mutual Life Insurance Association, a corporation, organized under and by virtue of the laws of this state, to recover the sum of $1,500 on a life insurance policy issued by appellant to Vannie Reynolds, the wife of appellee.

The appellee alleges: That he is a resident citizen of Wheeler county, Tex., and that appellant is a corporation and maintains an office at Childress in Childress county, Tex. That on June 15, 1926, he and his wife, Vannie Reynolds, were living together as husband and wife in Wheeler county, Tex. That on said date the appellant issued to

his said wife a life insurance policy payable to appellee on the death of his wife. That he and his wife paid the semi-annual dues and all assessments levied by appellant and complied with all the terms and conditions of said policy, which was in full force and effect at the time of his wife's death on June 8, 1928, and that at the time of her death she was a resident of Wheeler county, Tex. That after her death, he made due claim to appellant for the payment of said policy, and, though obligated by the terms thereof to pay appellee the money therein stipulated, the appellant failed and refused to do so. A copy of the policy is attached to and made a part of appellee's petition, which alleges a cause of action against appellant.

In due time the appellant filed its plea of privilege, duly verified, alleging that its domicile and general office was in Amarillo, Potter county, Tex., and was at the time suit was filed and service was had upon it, and that its said domicile and general office was not and had never been in Wheeler county, Tex.; that its president, P. R. Underwood, and its division secretary, G. O. Walker, Jr., were not at the time of the institution of the suit, nor at the time process was served upon them as agents of appellant, nor at the time of filing the plea of privilege, residents of Wheeler county, Tex., but at all said times were residents of Potter county, Tex.; that no exception to exclusive venue as provided by the statutes, exists and that appellant is entitled to be sued in the county of its residence and domicile.

The appellee, in answer to appellant's plea of privilege, filed his controverting affidavit, in which he restated, in substance, the allegations of his petition, and more specifically alleged that he is and has been, since the date of the issuance of the policy to his wife, a resident citizen of Wheeler county, Tex., that the cause of action is to recover of appellant the amount due and payable on the terms of a life insurance policy issued to his wife, and that the suit is against a life insurance company, and the court had venue and jurisdiction under subdivision 28, art. 1995, of the Revised Statutes of 1925 of the state of Texas.

The plea of privilege was heard, and the court rendered judgment overruling it, from which judgment this appeal is prosecuted.

The judgment recites, omitting the formal parts: "The court having heard said plea and the evidence offered in support thereof and the controverting plea of plaintiff, the court is of the opinion that said plea of privilege should be overruled."

The statement of facts, signed by the attorneys for the appellant and the attorneys for appellee and approved by the court, shows that the only evidence introduced on said hearing was that the Mutual Life Insurance Association of Texas is a corporation with its divisional office in Amarillo, Potter county, Tex., and that the suit is based on a policy of insurance issued by the appellant, that the divisional president and the divisional secretary of the appellant both reside in Amarillo, Potter county, Tex., and so resided at the time this suit was filed and service was had and at the time of the hearing of the plea of privilege, and that neither of them resided in Wheeler county, Tex., on any of said dates.

Subdivision 28 of article 1995, relied on by appellee, so far as it affects the venue of life insurance companies, reads: "Suits on policies may be brought against any life insurance company, or accident insurance company, or life and accident, or health and accident, or life, health and accident insurance company, in the county where the home office of such company is located, or in the county where loss has occurred or where the policyholder or beneficiary instituting such suit resides."

It is uniformly held in this state that the filing of a plea of privilege in proper form and in due time entitles the defendant to a change of venue unless a controverting affidavit is filed by the plaintiff, and, when so filed, the burden of proof is on the plaintiff to establish his right to maintain the suit in the county filed. The defendant having filed its plea of privilege, duly verified, to be sued in the county of its residence, alleging that none of the exceptions to exclusive venue in the county of its residence exists, the filing of a controverting affidavit to said plea of privilege by the plaintiff joins the issue on the question of venue, and, if no evidence is introduced to show that the allegations in the controverting affidavit are true, the court must sustain the plea of privilege. Hayes et al. v. Penney (Tex. Civ. App.) 215 S. W. 571; Texas Supply Co. v. Bankers' & Merchants' Oil Co. (Tex. Civ. App.) 219 S. W. 838.

"It has been uniformly held by the courts that pleas of privilege in manner and form as required * * * is prima facie proof of the defendant's right to a change of venue, and that the verified controverting plea of the plaintiff merely joins or invokes the issue, and the burden is upon the plaintiff to show that the trial court had jurisdiction over the person of the defendant, and that, in the absence of such proof, the plea of privilege should prevail." Eyres et al. v. Crockett State Bank (Tex. Civ. App.) 223 S. W. 268.

Speaking through the Commission of Appeals in answer to a certified question, the Supreme Court, in World Co. v. Dow, 116 Tex. 146, 287 S. W. 241, says:

"The plaintiff in the trial court was seeking to deprive the defendant of the privilege of trial in the county of its domicile, by reason of an exception to article 1830 of the Revised Civil Statutes of 1911 (article 1995, R. C. S. 1925), and he had the burden of showing, by both allegation and proof, that his case came

within such exception. * * * The burden rested upon him to offer evidence to show the existence of such exception. In the absence of any such showing, the trial court was·not justified in overruling the plea of privilege by virtue of the fact that the plaintiff's 'petition, on its face, showed that venue of suit was properly laid in Archer County,' the allegations contained in his petition not being proof of the facts alleged. * * *

"It affirmatively appears from the recitals contained in this order that the court heard and considered no evidence, but that judgment was rendered on consideration of the pleadings alone. Those recitals should be taken as showing that no evidence was adduced on the plea of privilege. The burden was on the plaintiff (appellee) to prove, by the introduction of evidence, his right to prosecute his suit in a county other than 'that of defendant's residence. * * * It affirmatively appears, from the record on appeal in this case, that he has obtained the judgment without the proof necessary to sustain it."

If the judgment in this case can be construed to mean that the court heard evidence in support of the plea and in support of the controverting affidavit, the statement of facts is conclusive that no testimony was offered to show where the loss occurred or to show where the appellee, the beneficiary in the policy, resided at the time the suit was instituted. In order to bring himself under the exception relied on, it was incumbent upon the appellee to not only plead, but to prove, such facts, and, having failed to do so, the court erred in overruling the plea of privilege.

The judgment of the trial court is reversed, with instructions to transfer the case to the district court of Potter county for trial on its merits.