### SCHROCK v. HENDERSON GRAIN CO.
### No. 3873.

Court of Civil Appeals of Texas. Amarillo.
Sept. 28, 1932.

W. W. Kirk, of Plainview, for appellant.
H. M. LaFont, of Plainview, for appellee.

JACKSON, J.

The plaintiff, Henderson Grain Company, a corporation, sued the defendant A. H. Schrock in justice court, precinct No. 1, Hale county, Tex., to recover a balance of $142.97 on a note dated April 15, 1930, given by defendant to the plaintiff. On October 24, 1931, the case was tried before the justice and the note declared void and without consideration and judgment rendered for defendant. From this judgment the plaintiff prosecuted an appeal to the county court of Hale county. The case was tried de novo and judgment rendered against the appellant herein for the amount of the note, interest, costs, and attorney's fees, from which judgment this appeal is prosecuted.

The appellant presents as error the action of the trial court in refusing to permit him, on appellee's objection, to file his sworn plea of failure of consideration in the county court. The record shows that on January 6, 1932, the case was called in the county court and all parties announced ready for trial and by order of the court set for trial on the following morning at 9 o'clock. That on January 6th appellant's attorney prepared a plea of failure of consideration, which was verified before the county judge while on the bench, who placed the pleading in his docket. That the attorney for appellee knew that appellant had prepared and left with the judge the plea of failure of consideration. That on the following morning, before the jurors were examined, the attorney for appellant obtained his plea from the court and requested the clerk to file it. That appellee's attorney objected to the filing of the plea of failure of consideration, which objection was sustained by the court, and appellant was not permitted to file said plea or read it to the jury.

Article 953, R. S., provides: "Either party may plead any new matter in the county or district court which was not presented in the court below; but no new cause of action shall be set up by the plaintiff, nor shall any set-off or counterclaim be set up by the defendant which was not pleaded in the court below. In all such cases the pleadings shall be in writing and filed in the cause before the parties have announced ready for trial."

"The plea of failure of consideration was proper to be set up in the county court, though not pleaded in the justice court. When a cause is appealed from the justice to the county court, the trial is de novo, and ei-

**334**

ther party may plead any matter not pleaded below, except a new cause of action by plaintiff, and counterclaim or set-off by defendant." McDonald v. Young (Tex. Civ. App.) 41 S. W. 885, 886; Brigman v. Aultman, Miller & Co. (Tex. Civ. App.) 55 S. W. 509.

It is not contended that if appellant had been permitted to file his defense of failure of consideration it would have required a postponement or continuance of the case.

We gather from the record that the court refused to permit the filing of the plea of failure of consideration because he was of the opinion that the plea was offered for filing too late. This holding, in our opinion, constituted error. World Company v. Dow, 116 Tex. 146, 287 S. W. 241.

The judgment is reversed, and the cause remanded.