## AUTOMOBILE BANKERS' CORPORATION
## v. WOODYARD.
### No. 4420.

Court of Civil Appeals of Texas. Texarkana.
Nov. 2, 1933.

B. W. Baker, of Carthage, for appellant.

Long & Long, of Carthage, for appellee.

LEVY, Justice (after stating the case as above).

The points on appeal are: (1) There was no oral proof offered on the hearing of the

plea of privilege; (2) the allegations alone of the plaintiff's petition cannot be considered as constituting prima facie evidence and prevail as against defendant's verified plea of privilege; (3) the controverting affidavit did not meet the requirement of averment, of adopting the allegations of the plaintiff's original petition or by reference or as an exhibit.

■ It is first required of the trial judge upon the hearing of a plea of privilege to refer to the plaintiff's original petition to determine the character of the action pleaded and the county of trial pointed out by statute for that class of cases. Considering alone the averments of the present petition, as must be done for the purposes stated, the two things must be determined as affirmatively appearing. that: (1) The plaintiff had instituted a suit against the defendant, not in the county of its domicile, but in a county elsewhere than the county of the defendant's residence; and (2) that the character or nature of the suit must be deemed legally that of damages for conversion or an act of trespass to personalty. As aptly stated in Koch v. Roedenbeck (Tex. Civ. App.) 259 S. W. 328: "On questions of venue the character of an action is determinable solely by the allegations contained in the petition, and is a question of law to be determined by the court, and not a question of fact to be determined by testimony aside from the allegations in the petition.". The underlying purpose and important result of the determination of the character or nature of the suit is that purely of fixing or laying the controlling venue or county of trial which is pointed out by the statute itself for that certain special class of cases. That is the test by which it may be determined whether a particular cause of action could be brought for trial elsewhere in the state than the county of the defendant's residence. The question of determining the character of the suit concerns the place or county of trial as an exception for the special class of cases pointed out by the statute, and not the right of the court to hear and determine the particular cause on its merits.

■■ Although, as above stated, the original petition of the plaintiff must be considered in the first instance by the court for the purpose of determining the legal nature or character of the suit, yet, as against a plea of privilege, the allegations alone of the original petition cannot, as decided, be relied upon by the plaintiff as constituting prima facie proof, as devolves upon him to make, of his right to bring the suit in the first instance in a particular county alleged. World Co. v. Dow, 116 Tex. 146, 287 S. W. 241; Shelton v. Thomas (Tex. Civ. App.) 11 S.W.(2d) 254, 255; Mutual Life Ins. Ass'n v. Reynolds (Tex. Civ. App.) 13 S.W.(2d) 422; Thompson v. Trentham (Tex. Civ. App.) 17 S.W.(2d) 130; Dees

v. McDonald (Tex. Civ. App.) 36 S.W.(2d) 301, 302; American Fruit Growers v. Sutherland (Tex. Civ. App.) 50 S.W.(2d) 898. In the present case the order of the judge affirmatively shows that the plea of privilege was overruled upon a consideration of the pleading alone, without any other proof being offered or heard. The recital in the order is that the plea of privilege "is hereby overruled" upon or "after considering the same (the plea of privilege and the controverting affidavit) no evidence being offered thereon." In view of the preceding observations, error appears in overruling the plea of privilege of the defendant. It is unnecessary to consider the other point presented.

The order is reversed, and the cause is remanded, with instructions to transfer the case to the county court at law of Harris county, Tex.; the cost of the appeal to be taxed against appellee. .