## DUNN et al. v. YENGLIN.
### No. 4409.

Court of Civil Appeals of Texas. Texarkana.
Nov. 9, 1933.

Seay, Seay, Malone & Lipscomb, of Dallas, and Keeney & Moseley, of Texarkana, for appellant.

Wm. V. Brown, of Texarkana, for appellee.

SELLERS, Justice.

This suit was originally instituted in the district court of Bowie county, Tex., on July 29, 1932, by Otto Yenglin as plaintiff against John W. Dunn of El Paso county, Tex., and the United States Fidelity & Guaranty Company, a private corporation, with agents and offices in Bowie county, Tex., as defendants, to recover damages by reason of alleged acts of negligence of John W. Dunn in operating his automobile and negligently colliding with the automobile of plaintiff, Otto Yenglin, damaging and injuring plaintiff's car. The defendant United States Fidelity & Guaranty Company was alleged to have issued and delivered its policy of liability insurance on the automobile of defendant John W. Dunn, and which insured and indemnified him against loss by reason of any collision he might have, and agreed to pay any and all judgments rendered against him, the said John W. Dunn, growing out of a collision of this nature; and further agreed to defend any and all suits instituted against the said John W. Dunn growing out of the collision; and agreed to pay any and all damages and judgments which the said John W. Dunn might become liable for by reason thereof. On August 20. 1932, and in due time, the defendant John W. Dunn filed his plea of privilege to be sued in the county of El Paso, and on September 10, 1932, the plaintiff, Otto Yenglin, filed his controverting affidavit to the defendant's plea of privilege. Thereafter, on October 12, 1932, Miss Gladys Yenglin, with the permission of the court, filed what is termed in the record a plea of intervention, wherein she alleged that she was a passenger in plaintiff's automobile at the time of the collision, and through the negligent collision received personal injuries for which she sought damages against both of the defendants. As against the intervention or separate cause of action of Miss Gladys Yenglin, the defendant John W. Dunn filed on October 15, 1932, his plea of privilege to have the cause of action as set up by the said intervener transferred to El Paso county, the county of his residence, and to which plea, so far as this record discloses, the said intervener, Gladys Yenglin, never filed any controverting plea. Upon hearing the pleas the following judgment by the court was entered:

"On this 19th day of October A. D. 1932, came on to be heard the pleas of privilege filed herein by the defendant, John W. Dunn as against the alleged cause of action asserted by the plaintiff, Otto Yenglin, and as against the alleged cause of action asserted by the intervenor, Gladys Yenglin, and the controverting affidavit thereto filed herein; and all parties announced ready for trial on said pleas, the court proceeded to hear same and the evidence thereto; and after hearing the evidence and argument of counsel thereon and prior to the announcement of a decision

by the court on said pleas, the plaintiff, Otto Yenglin, asked permission of the court to take a non-suit, which was granted by the court;

"It is, therefore, ordered, adjudged and decreed by the court that the petition of the plaintiff, Otto Yenglin, be and the same is hereby dismissed and that all costs of this suit be and is hereby adjudged against the plaintiff, Otto Yenglin; for which execution may issue.

"It is further ordered, adjudged and decreed by the court that the plea of privilege of the defendant, John W. Dunn, to the intervenor's petition be and the same is hereby overruled; to which action of the court the defendant, John W. Dunn, then and there in open court excepted and gave notice of appeal to the Court of Civil Appeals of the Sixth Supreme Judicial District of Texas at Texarkana; and the court hereby allows fifty days to the defendant, John W. Dunn, in which to prepare and file Bills of Exception and Statement of Facts herein."

From this judgment the defendant John W. Dunn has duly prosecuted this appeal.

■■ It is believed that the contention of appellant must be sustained, of error predicated upon the overruling of the plea of privilege as respects the cause of action set up by the appellee, Miss Gladys Yenglin. When Miss Yenglin filed her petition, making herself a party to the suit, the defendant John W. Dunn timely filed a plea of privilege as against the cause of action pleaded by her in her petition. It therefore becomes necessary to look to her petition, as is required of the court to do, as against a plea of privilege, for the purpose merely of determining the legal nature or character of her suit. World Co. v. Dow, 116 Tex. 146, 287 S. W. 241; Sims v. Construction Co. (Tex. Civ. App.) 28 S.W. (2d) 856. The allegations of her petition show, as a matter of pure law, a cause of action not joint but separate and distinct from the cause of action pleaded by the plaintiff, Otto Yenglin, although arising out of the same act or collision. The plaintiff, Otto Yenglin, sues for damages to an automobile owned by him, while the petition of Miss Gladys Yenglin shows that she seeks damages for personal injuries to her. They do not appear in the suit in the same capacity, and are not of unity in interest in the same relief and are not interested in or concluded by the same judgment. The suffering of nonsuit by the plaintiff, Otto Yenglin, would not deprive Miss Gladys Yenglin of the right to plead and continue the suit alone as far as pertains to her cause of action for personal injuries. The two causes could be severed and tried separately. Being then by the petition in the legal position of a plaintiff in the case, not with a joint, but with a distinct and separate, cause of action, it devolved upon the petitioner, Miss Gladys Yenglin, to file a controverting affidavit to the defendant's plea of privilege as to her suit in order for her to avoid the force and effect of the statute. Galbraith v. Bishop (Tex. Com. App.) 287 S. W. 1087; article 2007, R. S. The defendant treated her as a plaintiff with a separate cause of action, and had the legal right to do so in view of her petition. The new matter set up by her as a cause of action called for a reply and answer by the defendant Dunn; as a consequence he had the right to file a plea of privilege to have the issues arising upon the merits tried in the county of his residence, if there be shown by such plaintiff no exception of statute to that place or county of trial.

■ Intervener contends that the defendant, by appearing and participating in the hearing on the pleas of privilege, thereby waived the filing of a controverting affidavit by the intervener. There was a controverting affidavit filed by the plaintiff, Otto Yenglin, to the defendant's plea of privilege which legally required the defendant Dunn to appear at the hearing on the pleas. This being true, such appearance could not be construed as a waiver by the defendant Dunn of the filing of the required statutory controverting affidavit on the part of the said intervener if, in fact, the statutory requirement of the filing of a controverting plea of privilege may be waived, a question we deem unnecessary to decide.

The judgment of the trial court will be reversed, and the cause remanded, with instructions that the case as pertains to Miss Gladys Yenglin be transferred to El Paso county.