## FORDYCE GRAVEL CO. v. SPRINGS.

### No. 9530.

Court of Civil Appeals of Texas. San Antonio.

Feb. 27, 1935.

Strickland, Ewers & Wilkins, of Mission, and Powell, Wirtz, Rauhut & Gideon, of Austin, for appellant.

Alvin P. Mueller, of Seguin, for appellee.

SMITH, Justice.

This action was brought in the county court of Guadalupe county against a resident of Hidalgo county.

The defendant timely filed plea of privilege, in the form provided by statute (article 2007, R. S. 1925), which was duly controverted by the plaintiff, who therein asserted, in terms and by reference to his petition on the merits, that venue lay in Guadalupe county because the suit was one for damage to land situated in that county, as provided in the fourteenth exception to the general venue statute (article 1995, R. S. 1925), as follows: "Suits for the recovery of lands or damages thereto * * * must be brought in the county in which the land, or a part thereof, may lie."

It was conceded by all parties that the defendant below, appellant here, is a private corporation, having its domicile in Hidalgo county, and was entitled to its privilege, unless deprived thereof by the exception mentioned.

Upon a hearing of the matter of privilege, the plaintiff introduced his original petition and controverting affidavit over timely and appropriate objection of appellant. No other evidence was introduced at the hearing, but the trial judge nevertheless overruled the plea of privilege, and this appeal resulted.

Appellant's plea of privilege, complying in form and substance with the requirements of the statute, made a prima facie case for change of venue, and the burden was upon appellee to not only allege in his controverting affidavit, but prove by affirmative evidence upon the hearing, that the facts constituting the claimed exception existed in the case. Appellee's petition on the merits, and his controverting affidavit, could not constitute such evidence; they could serve only to show the nature of the action, to wit, an action for alleged damages to land alleged to lie in Guadalupe county, where the suit was brought. The nature of the action being thus shown, it then devolved upon appellee to go further, and show by evidence that the land involved was in fact situated in Guadalupe county; that the acts complained of were of such nature as to make a prima facie case of trespass and for damages, and show a probability, at least, that such acts were committed by appellant, or under its authority. 13 Tex. Law Rev. p. 215; San Marcos Baptist Academy v. Burgess (Tex. Civ. App.) 292 S. W. 626; Commercial Standard Ins. Co. v. Lowrie (Tex. Civ. App. Writ Ref.) 49 S.W.(2d) 933; American Fruit Growers v. Sutherland (Tex. Civ. App.) 50 S.W.(2d) 898; Automobile Bankers' Corp. v. Woodyard (Tex. Civ. App.) 65 S.W.(2d) 410. Appellee failed to offer any proof of those essential facts, and in such situation the trial court should have sustained appellant's plea of privilege.

The judgment is reversed and judgment will be here rendered that the venue of this cause be changed to the district court of the Ninety-second judicial district of Hidalgo county, and the clerk of the county court of Guadalupe county is directed to make up a transcript of all orders made in this cause, certify thereto officially under the seal of the court, and transmit the same, with the original papers in the cause, to the clerk of the district court of Hidalgo county, as provided in article 2020, R. S. 1925, as amended by the Acts of 1933, 43d Leg., p. 546, c. 177 (Vernon's Ann. Civ. St. art. 2020).

Reversed and rendered.