Si SIMONS and Charles W. Herring, Appellants,

v.

WESTMOOR MANUFACTURING COMPANY, Appellee.

No. 18214.

Court of Civil Appeals of Texas, Fort Worth.

March 6, 1980.

**916**

Vetter, Bates & Tibbals, and Donna K. Ralli, Dallas, for appellants.

Simon & Simon, and Sheldon Anisman and Richard C. Bruse, Fort Worth, for appellee.

## OPINION

MASSEY, Chief Justice.

In a suit on a sworn account the County Court at Law No. 2 of Tarrant County overruled the appellants' plea of privilege to be sued in Dallas County. This appeal has been brought from the denial of the plea of privilege.

We reverse and order transfer of the case.

Westmoor Manufacturing Company brought suit on a sworn account against Si Simons and Charles W. Herring, d/b/a National Apparel Sales Associates ("National Apparel") for damages arising out of National Apparel's failure to pay for goods contracted and received. The sworn account attached to Westmoor's original petition consisted of no more than its single invoice which contained the following statement: "This invoice is expressly payable and collectable in Fort Worth, Tarrant County, Texas."

Suit was instituted in Tarrant County. National Apparel filed a plea of privilege and subject thereto, a form of answer. Within the prescribed time, Westmoor filed its controverting plea. Relied on to sustain the venue were the provisions of Tex.Rev. Civ.Stat.Ann. art. 1995 "Venue", § 5, "Contract in Writing", (Supp.1980), which provides that where a contract in writing specifically stipulates a county where the contract is to be performed, a suit on that contract may be maintained in such county, provided the defendant is not a "consumer", as defined in subsection (b), pursuant to the 1973 amendment of the section (inapplicable here).

The trial court set a hearing on the plea of privilege and overruled the same. The bill of exceptions of defendants, National Apparel, approved by the trial court, read in part as follows: "the plaintiff (Westmoor) called no witnesses and formally tendered or introduced into evidence no documents or exhibits . . . ."

National Apparel presents and argues that it was error for the trial court to overrule its plea of privilege as "no evidence was tendered or introduced, nor were any witnesses called" by Westmoor "to sufficiently and legally controvert" its plea of privilege. We note that because of deficiencies in National Apparel's answer to Westmoor's sworn account, the condition the pleadings in the case are such that—had the proceedings below been on a trial upon the merits—plaintiff Westmoor might have been entitled to prevail. Tex.R.Civ.P. 185 "Suit on a Sworn Account."

However, the same could not be said relative to hearing held to determine the venue where trial should be held. Here Westmoor was obliged to prove essential "venue facts" to hold the case for trial in the county in which it filed suit. These facts include proof (1) that there was a written contract; and (2) that the contract provided the promise of National Apparel to pay for that supplied by Westmoor in the county or where suit was brought. McDonald, Texas Civil Practice (1965 Rev.), p. 447, "Venue", § 4.11.3, "(Art. 1995(5), Written Contract)— Suit Upon Written Contract", and Sections following.

In this case Westmoor did not introduce evidence in any form. In other words, plaintiff, Westmoor, "stood on its pleadings" as providing sufficient basis for retention of venue. Obviously missing was that requisite proof identified above.

Even had the Westmoor invoice attached to plaintiff's petition been offered in evi-

dence it would not have sufficed of itself to show an obligation of the defendant to "perform" in Tarrant County. It was merely an invoice on which there appears no acceptance signature by defendant(s). There was no evidence of any prior course of dealing between the parties which might have supplied proof, when considered together with the invoice, of the Westmoor entitlement to demand performance by National Apparel in Tarrant County. (It may be that Westmoor could have supplied the proof but it chose not to do this). *Trans-South Hydrocarbons Co. v. Trinity Industries*, 419 S.W.2d 662, 664 (Tex.Civ.App.— Dallas, 1967, no writ). Even assuming an antecedent written contract proved (and none was proven) there was no proof of such, or if any antecedent written invoices of Westmoor to National Apparel containing the language that the performance of National Apparel should be in Tarrant County. Therefore there was no evidence that National Apparel had contracted to be so bound at any time antecedent to that date on which there was receipt of the Westmoor invoice (which bore the recitation that the performance of National Apparel was to be in Tarrant County). On this see *Harrison v. Facade, Inc.*, 355 S.W.2d 543, 546 (Tex.Civ.App.—Dallas, 1962, no writ).

There will be no presumption indulged to support a judgment overruling a plea of privilege, where it affirmatively appears that the trial court heard and considered no evidence on the plea and where evidence is necessary. *World Co. v. Dow*, 116 Tex. 146, 287 S.W. 241 (1926). That is the situation in this case.

Judgment is reversed and the suit is ordered to be transferred pursuant to defendants' plea of privilege.