GERTNER–ARON–LEDET ASSOCIATES, et al., Appellants,

v.

DALLAS TAILOR & LAUNDRY SUPPLY, Appellee.

No. 05–83–00331–CV.

Court of Appeals of Texas, Dallas.

July 11, 1983.

Robert H. Renneker, Weil, Craig & Fischman, Dallas, for appellants.

Stanley M. Kaufman, Oster & Kaufman, Dallas, for appellee.

Before VANCE, WHITHAM and ROWE, JJ.

ROWE, Justice.

This is a venue case, in which the appellants' pleas of privilege were denied. For lack of evidence sufficient to sustain venue in Dallas County, Texas, under Tex.Rev.Civ. Stat.Ann. art. 1995, subdivision 5(a) (Vernon Supp.1982–1983), we reverse and remand to the trial court with instructions to sustain appellants' pleas of privilege.

Dallas Tailor and Laundry Supply Company, Inc. brought suit in Dallas County on a sworn account for supplies sold to Denton Commercial Laundry, a business allegedly operated under an assumed name by a partnership (composed of Gilbert Gertner, Don S. Aron, and J.C. Ledet) and by another individual not a party to this appeal. The designated partners filed separate pleas of privilege to be sued in Harris County, where they resided, and subject to the pleas filed answers denying under oath that they were doing business as Denton Commercial Laundry or were liable in the capacity in which they were sued. Dallas Supply contested the pleas, seeking to hold venue in Dallas County under Tex.Rev.Civ.Stat.Ann. art. 1995, Subdivision 5(a) (Vernon Supp. 1982–1983), based on signed delivery tickets and invoices, attached as exhibits, reciting "This order and all subsequent orders payable in Dallas, Dallas County, Texas."

For purposes of argument, Gertner-Aron-Ledet conceded on oral submission that evidence at the venue hearing was sufficient to establish that Denton Laundry had contracted in writing to perform an obligation in Dallas County but argued that competent evidence was totally lacking that

any partner was privy to that contract or had assumed or ratified it. The "venue facts" essential to be proved in this case do include not only (1) that there was a written contract containing the requisite provisions, but also (2) that Gertner-Aron-Ledet entered into such a contract or otherwise became liable under it. *Manges v. Mustang Oil Tool Co., Inc.,* 628 S.W.2d 503, 505 (Tex.App.—Corpus Christi 1982, no writ); *Simons v. Westmoor Manufacturing Co.,* 595 S.W.2d 915, 916 (Tex.Civ.App.—Ft. Worth 1980, no writ).

■ Because no findings of fact or conclusions of law were filed by the trial court, we must affirm the trial court's judgment if there is any evidence of probative force to support it. To determine whether there is any evidence to support an implied finding that Gertner-Aron-Ledet entered into the requisite contract, we must consider only the evidence most favorable to such implied finding and disregard all evidence unfavorable to it. *Lassiter v. Bliss,* 559 S.W.2d 353 (Tex.1977). We have examined the entire record in this light and hold that the implied finding in question is without support in the evidence.

■ The only testimony of probative value bearing on ownership and operation of Denton Laundry, during the time supplies were delivered to it by Dallas Supply, was from answers obtained to interrogatories showing that Denton Laundry was owned and operated under an assumed name by ASEP-CO Hospital Environmental Systems, Inc. The stock of that corporation was owned by Environmental Laundry Systems Company, whose stock was owned in part by Gertner-Aron-Ledet. The affidavit of account and accompanying invoices and delivery tickets specified the purchaser only as Denton Laundry. The delivery tickets were signed by R.W. McClellan, Martha Jones, and Bernard Hall, who were identified as employees of Denton Laundry, but who were not otherwise shown to have had any agency relationship to Gertner-Aron-Ledet. Dallas Supply's contention that agency must be presumed in the absence of a sworn denial of authority under Tex.R.Civ.P. 93(h) fails to take cognizance of Gertner-Aron-Ledet's sworn denial that they were doing business as Denton Laundry or had any liability in the capacity in which they were sued. The pleadings filed by Dallas Supply do not expressly allege that the delivery tickets were executed by Gertner-Aron-Ledet, and neither McClellan, Jones nor Hall purported to receipt on behalf of Gertner-Aron-Ledet. Under these circumstances Dallas Laundry was obliged to introduce affirmative proof that those signing the delivery tickets were agents of Gertner-Aron-Ledet. This it failed to do.[1]

Dallas Supply's sole evidence tying Gertner-Aron-Ledet to the transaction was a ledger card admitted for the limited purpose of showing existence of the account, the card's use being expressly restricted against being proof of ownership. The designation thereon that a salesman and Dunn and Bradstreet had reported Gertner-Aron-Ledet to be part owner of Denton Laundry was excluded during voir dire under a hearsay evidence objection, the correctness of which was not challenged in the trial court.

Thus, because Dallas Supply's evidence failed to raise issues on all facts essential under subdivision 5(a) of article 1995 to sustain venue in Dallas County, we reverse and remand to the trial court with instructions to sustain the pleas of privilege of Gertner, Aron and Ledet.

---

1. This court has denied recovery on a sworn account which specified only defendant's assumed name as the debtor in the absence of evidence that defendant conducted business under that assumed name. *Lambert v. Dealer's Electric Supply,* 629 S.W.2d 61, 62 (Tex.App.—Dallas 1981, writ ref'd n.r.e.).