## H. S. JANES v. J. B. LANGHAM.

1. In an action on notes, the defendant's counsel had prepared a meritorious answer and had handed it to the clerk of the district court; but before it was marked filed, the same counsel withdrew it for the purpose of filling certain unimportant blanks in it. On default day, a storm prevailing and the defendant's counsel being in bad health, he was not present in court when the case was called; but the clerk apprised the court of the preparation and temporary withdrawal of the answer, and an attorney present proposed to file an answer *instanter* for the absent counsel. But the court, at the instance of plaintiff's counsel, directed a judgment by default with writ of inquiry; at which stage of the case the defendant's counsel appeared, and without objection by the court or the opposite party, placed his answer on file. Under direction of the court, however, the writ of inquiry was executed, and judgment final rendered for the principal and interest of the notes. On the same day the defendant's counsel moved to set aside the verdict and judgment, and on the next day amended the motion and accompanied it with affidavits setting forth merits and the facts *in extenso;* but the motion was overruled, and the defendant prosecutes error. *Held,* that the district court erred in entering the judgment by default; and that the answer should, under the circumstances, have been regarded as on file from the time it was in the hands of the clerk. *Held further,* that even if the default was properly entered, it was error, under the circumstances, to refuse to set aside the judgment and try the case upon the meritorious defenses alleged in the answer.

2. Though questions of this character rest to a great degree in the discretion of the district courts, yet their exercise of that discretion must be held subject to revision in this court.

ERROR from Jefferson. Tried below before the Hon, H. C. Pedigo.

The opinion of the court clearly discloses the facts.

*Hill & Hill*, for the plaintiff in error.

No briefs for the defendant in error.

WALKER, J.—The plaintiff below filed his petition in the district court on the seventh day of February, A. D. 1866, praying judgment on two certain promissory notes, respectively calling for eight thousand four hundred · and thirty-seven dollars and fifty cents, the consideration for which notes is expressed to be certain lands and negroes, sold and conveyed by the defendant in error to the plaintiff in error.

The notes were due, one on the first day of March, A. D. 1861, the other, March 1, A. D. 1862. The plaintiff below also sought to enforce his vendor's lien. On the first ·day of March, A. D. 1866, the appellee sued out a writ of attachment on the alleged ground that the plaintiff in error was about to remove his property from the State, and that thereby the defendant in error was in danger of losing his debt.

The attachment was levied on the second day of March, A. D. 1866, on twenty-one bales of cotton, valued at two hundred dollars per bale, and four hundred and six acres of land known as Sour Springs, or Big Hill Place. On the sixth of March, the plaintiff in error replevied the cotton, and on the twenty-fourth of May following, the same being the fourth day of the Spring term of the District Court of Jefferson county, the defendant in error obtained a judgment by default, and by the verdict of a jury, impanneled to inquire of his damages, judgment was entered for twenty-seven thousand three hundred and seventy-nine dollars and sixty cents, together with an order of sale against the land subject to vendor's lien, and the cotton which had been attached.

It appears from the record that the plaintiff in error had employed counsel for his defense, in the district court, and counsel had drafted an answer, which had been handed to the clerk in time to have saved the default.   The clerk had not endorsed the filing of the answer, and counsel had withdrawn it temporarily for the purpose of filling certain blanks.

The court met at half past eight in the morning, and in due order proceeded to call the docket, when this case was reached, and the attorney of defendant in error insisted on the default being entered.

It appears, in evidence from the record, that during the morning hour of the court an unusually heavy storm of rain was falling; that the counsel of the plaintiff in error was on his way to the court house when overtaken by the storm, and being in delicate health he took shelter until the storm had abated, when he proceeded to the court house, where he presented his answer, which he was permitted to file without opposition or terms; but the court refused, even on affidavits of merits, to open the default, though not exceeding ten minutes had elapsed after the signing of judgment.   The answer sets up part payment, failure of consideration, and seeks to recoup damages for the wrongful suing out of the attachment.

In the opinion of this court, under the circumstances the district court should have considered the answer as filed from the time it had been left with the clerk, and it was error to enter a judgment by default, in face of the fact that the answer had been in the hands of the clerk, and was only withdrawn for the purpose of immaterial amendment.

But we will proceed to consider briefly the case, as if a judgment by default had been properly entered.   Were we permitted to test this case by English and American authorities, their weight would be overwhelming against the action of the court in refusing to open the default under all the circumstances.   (See 6 Johnson

R., 131, and 14 Johnson, 343, as leading cases.)    But it has been decided in Dowell v. Winters, 20 Texas, 797, that the rules of practice in other States are not applicable to our system.    Yet the practice in our own courts must be referable to some general principle, and in the case of Dowell v. Winters, a case in which the default had been incurred through erroneous judgment and bad practice of the defendant's counsel, he supposing that the defendant's petition for an injunction in another case, might be taken as an answer in the case at bar, Mr. Justice Wheeler, in his able opinion, remarks that:    " In a late case at Austin we held that the court rightly refused to set aside a default, where it would have been to let in the defense of the statute of limitations." (See Foster v. Martin, 20 Tex. R., 118.)    " But where the trial has not been delayed, and there is an affidavit of merits, we think the default should be set aside, and the answer received upon some showing by way of excuse for failure to plead in time."

Had there, then, been no answer in the hands of the clerk prior to the calling of the default, applying the principle laid down in Dowell v. Winters, the court should have opened the default and let in the defense.

In Foster v. Martin (20 Tex. R., 122,) the court say :    " The motion to set aside default is in the nature of a motion for a new trial, and is to be determined upon equitable principles."

Yet in this class of cases, though the question may rest upon the sound discretion of the district court, this discretion must be held subject to revision ; and where it is manifest to this court that palpable injustice has been done to any party, it becomes our duty to correct the error out of which it has grown.

The judgment of the district court is reversed and the cause remanded, the plaintiff in error to recover his costs in this court.

Reversed and remanded.