**FEDERAL SUPPLY CO. v. BAILEY.***
(No. 289.)

Court of Civil Appeals of Texas. Waco.
May 12, 1927.

Rehearing Denied June 30, 1927.

1. **Judgment** ⟨key⟩144—Refusal to set aside default held abuse of discretion, in view of moving party's reliance on plea of privilege not properly disposed of before trial (Rev. St. 1925, arts. 2007, 2008).

Denial of motion to set aside default judgment *held* abuse of discretion, in view of showing that moving party had filed plea of privilege, under Rev. St. 1925, arts. 2007, 2008, which was not properly disposed of before trial on merits.

2. **Appeal and error** ⟨key⟩957(1)—Judgment ⟨key⟩ 139—Matter of setting aside default is discretionary, but reviewable for abuse.

The matter of setting aside a default judgment and awarding a new trial is addressed largely to the discretion of the trial court; but, where it appears that such court has abused its discretion, appellate court has the duty to reverse the judgment.

Appeal from District Court, McLennan County; Giles P. Lester, Judge.

Action by the Federal Supply Company against J. F. Bailey, wherein defendant filed a cross-action, and wherein plaintiff, after voluntary dismissal, filed plea of privilege in defendant's cross-action. From an order overruling plea of privilege, and from a default judgment entered for defendant in such cross-action, plaintiff appeals. Reversed, and cause remanded.

See, also, 279 S. W. 491, 287 S. W. 1090.

Garland Tunstill and Clay Cooke, both of Fort Worth, for appellant.

W. V. Dunnam and Tom. Shires, both of Waco, for appellee.

STANFORD, J. Appellant filed this suit on September 8, 1924, against appellee to recover $1,610, the alleged rental value of certain tools and machinery designed to be used in pulling oil well casing, fully described in its pleading. On December 13, 1924, appellee filed his amended answer and cross-bill against appellant, in which cross-action appellee sought to recover damages against appellant, resulting by reason of the defective condition of said tools and their unfitness to be used for the work and purpose for which they were rented and warranted. On December 17, 1924, the court, upon request of appellant, dismissed its suit. On December 19, 1924, citation on said cross-action was served upon appellant. On January 31, 1925, appellant filed its plea of privilege to said cross-action to be sued in the county of its residence. On February 9, 1925, appellee filed his controverting affidavit, contesting the plea of privilege. On February 23, 1925, notice of the controverting affidavit was served on appellant. The plea of privilege was tried March 30, 1925, and overruled, and on the same date the case was tried in the absence of appellant's counsel, and judgment rendered for appellee for $5,505.40 damages against appellant. On April 3, 1925, appellant filed its motion to set said judgment aside and for new trial, which was on April 10, 1925, overruled, and appeal taken to this court; and this court held, in substance, that the order of dismissal by the trial court had the effect of dismissing the entire cause and the trial court erred in entering such order, and also the trial court erred in hearing the plea of privilege without any notation on the affidavit controverting same, fixing time for hearing same, and without notice to appellant of said time, etc., and reversed and remanded said cause without passing upon questions involved other than those pertaining to the plea of privilege. Federal Supply Co. v. Bailey (Tex. Civ. App.) 279 S. W. 491. The Supreme Court granted a writ of error, and on hearing reversed the holding of this court on the plea of privilege, holding, in effect, that appellant, by filing its suit in McLennan county, had waived the question of venue and selected its forum for the trial of not only its claim against appellee, but of any cross-claim appellee might assert against it, and also that the order dismissing said cause did not and was not intended to dismiss appellee's cross-bill, and remanded said cause to this court to pass upon other questions involved. Bailey v. Federal Supply Co., 287 S. W. 1090. So we will proceed at once to the consideration of said other points involved.

[1] Under appellant's tenth assignment it contends the trial court erred in overruling its motion to set aside the default judgment and grant a new trial, because said motion showed a good defense, and that it was without negligence in failing to be present on the ex parte trial of said cause. As above stated, appellant filed its suit for debt for the purchase price and rentals on certain oil well tools September 8, 1924, and on December 16, 1924, appellant's attorney wrote the judge of the court, requesting the dismissal of its cause. This was two days after the date of the filing of the cross-bill by appellee, but there is no direct evidence that appellant's attorney, who resided at Fort Worth, knew of the filing of the cross-bill at the time he wrote the letter requesting the dismissal. On December 17, 1924, on receipt of said letter from appellant's attorney, the court entered what, at least, purports to be a final judgment of dismissal of the entire cause, and this court so held the effect of said order to be. Thereafter, on December 19, 1924, appellant was served with citation on said cross-bill, returnable February 9, 1925. On January 31, 1925, appellant mailed to the clerk for filing its plea of privilege, and on receipt of same the clerk wrote that the suit was dismissed. What is said above would probably be sufficient justification for an experienced nonresident lawyer to believe the matter was finally disposed of. But thereafter, on February 23, 1925, appellant was served with notice of a controverting affidavit joining issues on its plea of privilege, but no notice for the time of hearing was indorsed thereon; no notice for the time of hearing same was ever served on appellant as required by law. Any nonresident lawyer would, we think, under such circumstances, believe that articles 2007 and 2008 (Rev. St. 1925), thus partially invoked, would be complied with and notice given of the hearing on this issue.

As has repeatedly been held by our Supreme Court, the notice of the filing of a controverting affidavit and the time and place for the hearing of the issue formed by the filing of same is in the nature of a citation, and so the party filing such plea of privilege may dismiss the matter from his mind until served with notice, as required by statute, not only of the filing of a controverting af-

fidavit, but the time for the hearing of same. Appellee, having invoked these very articles and tendered issue thereunder, it was not only reasonable, but natural, for appellant to expect appellee to proceed to bring such issue to a hearing according to the express terms thereof. On March 26, 1925, four days before the default judgment was entered, appellant's attorney wired the district clerk, inquiring if any order had been entered on appellant's plea of privilege, and on the same day said clerk replied that no such order had been entered. Then on March 28, 1925, appellant's attorney by registered mail forwarded to the judge an order sustaining the plea of privilege, accompanied by a letter asking that same be entered. This letter was not received by the judge until March 30th, the same day the default judgment is dated. The judge replied as follows:

"I received yours of the 28th to-day at 2:30 p. m., but disposed of the plea of privilege this morning, holding that you had waived same, and tried the main cause, entering judgment for $5,505 for defendant on cross-action."

On March 26, 1925, appellee's attorney wrote a letter to appellant's attorney, notifying him the case was set for trial Monday, March 30th, and stated:

"For your convenience and to avoid possibly two visits to Waco, I have had the issues involved in the plea of privilege set for trial at the same time the case is to be tried on its merits in event your plea is overruled. Of this you will take notice and be on hand."

But the evidence shows this letter was not received by appellant's attorney until April 1, 1925, after the judgment was rendered March 30, 1925. The record discloses that it was the rule of the trial court to set all jury cases for certain three-day assignments, and that the first and last week of each term were reserved for nonjury cases and all nonjury cases were considered as set, for said first and last week of the term, but same were not called for trial, unless the attorney representing one side appeared and so requested. So neither the original case nor the plea of privilege was set for trial in the sense that the court made any entry so stating, but under the rule of the court same was regarded as set for the first and last weeks of the term, but, as stated above, appellant and its attorney were nonresidents, residing at Fort Worth, and the record fails to show they knew of the rule of the court governing the calling of nonjury cases for trial. As stated, the plea of privilege was overruled and the ex parte trial had on March 30, 1925, but appellant's counsel did not know of such action until he received the letter from the court on April 1, 1925. Appellant's counsel, on April 3, 1925, filed a motion praying that its plea of privilege be sustained and the case transferred to Tarrant county, and on said date filed a motion to set aside the judgment rendered on the ex parte hearing in the main cause, and on the same date, April 3, 1925, the court overruled the motion to hear the plea of privilege on the ground said plea had been overruled on March 30, 1925, and on April 10, 1925, appellant filed its amended motion to set aside the default judgment in the main case and for new trial, setting out the facts as substantially stated above, and setting out fully a meritorious defense, which motion was duly sworn to and the part of the motion setting out appellant's meritorious defense was supported by the affidavits of nine different parties. The court overruled this motion.

There can be no question, we think, but that appellant's counsel in good faith thought the suit of appellee on his cross-bill against appellant was removable on a plea of privilege by appellant to Tarrant county, and so believing, filed said plea; and having so filed said plea, appellant's counsel knew that said cause could not be tried on its merits until said plea was disposed of, and also knew said plea could not be disposed of, under the provisions of articles 2007 and 2008 of our statutes and the settled decisions of our appellate courts, until said plea was controverted, a date set to hear the issue thus made, and notice of the filing of said controverting plea and the time for hearing on same served on appellant. Appellee did file what he termed a controverting affidavit to said plea of privilege, and notice of the filing of same was served upon appellant, but said notice failed to disclose that the court had set any date for the hearing on said plea, or when same would be heard, as expressly provided by statute. As to whether or not appellant was in position to successfully urge a plea of privilege in this case was a question of law on which good lawyers differed, and a question, as we view it, that had never been definitely settled in this state until the decision of our Supreme Court herein, and we cannot say that appellant's counsel in taking the position the plea was proper and could be maintained did not act as any other good and reasonably cautious attorney would have done; in fact, in our former opinion it seems this court, in effect, so held. The plea having been filed by appellant, whether proper or not, we think it could not be ignored by the trial court, and appellant had the right to rely upon its being disposed of as provided by our statutes as to setting, notice, etc., before the case could be tried on its merits.

[2] But aside from what is said above, the record discloses, as shown by letters, telegrams, etc., that appellant's attorneys were diligent in their efforts to keep in touch with said case and to be present on the trial, but were probably misled and prevented from so doing by reason of the action of the trial court in failing to follow the provisions of our statutes in the disposition of the plea of

privilege. Appellant at the same term of court promptly filed its motion to set aside the judgment and for new trial, and said motion, we think, showed a good excuse why appellant was not present and represented on the trial, and also that it had a meritorious defense. Of course, the matter of setting aside a default judgment and awarding a new trial is a matter addressed largely to the discretion of the trial court, yet when it appears, as we think it does in this case, that the trial court abused such discretion, it is the duty of this court to reverse the judgment of the trial court denying such motion. Dowell v. Winters, 20 Tex. 796; Sedberry v. Jones, 42 Tex. 10; Janes v. Langham, 33 Tex. 607. Appellant in its motion presents what seems to be a strong case of merit, which is not denied by appellee, and there is reason to apprehend that, if not allowed to make defense, irreparable injury may be the consequence. We think the trial court should have granted appellant's motion and set aside said default judgment and awarded a new trial. Dowell v. Winters, supra; Scottish Ins. Co. v. Tomkies, 28 Tex. Civ. App. 157, 66 S. W. 1109; Springer v. Gillespie (Tex. Civ. App.) 56 S. W. 369; Robinson v. Collier, 53 Tex. Civ. App. 285, 115 S. W. 915; P. & N. T. Ry. Co. v. Faulkner (Tex. Civ. App.) 118 S. W. 747; R. R. Dancy & Co. v. Rosenberg (Tex. Civ. App.) 174 S. W. 831; Green v. Cammack (Tex. Civ. App.) 248 S. W. 742; Paggi et al. v. Rose Mfg. Co. (Tex. Civ. App.) 259 S. W. 965.

We do not find it necessary to pass upon appellant's other assignments, but for the error above indicated, the judgment of the trial court is reversed, and the cause remanded.