## REPUBLIC INS. CO. v. HARKRIDER et al.
### (No. 8082.)

Court of Civil Appeals of Texas. San Antonio. Dec. 19, 1928.

R. L. Stennis, of Dallas, for appellant.

Beall, Worsham, Rollins, Burford & Ryburn, of Dallas, for appellees.

FLY, C. J. Appellant sued J. H. Harkrider, H. G. Corbin, V. A. Collins, J. W. Wellman, Ed. L. McElroy, A. S. Mitchell, and Guaranty Bond State Bank, alleging that Corbin, Collins, and Wellman resided in Dallas county, and that Harkrider and McElroy resided in Titus county, and the Guaranty Bond State Bank had its principal office in Titus county. It was alleged that Harkrider desired a loan of a certain sum to be used in discharging a note held against certain land owned by one E. S. Lilienstern and to pay for improvements on the land; that Mitchell and Harkrider prepared an abstract of title to the land which showed that McElroy held two promissory vendor's lien notes given to him by Harkrider on the land on which the loan was desired by Harkrider, and that Mitchell and Harkrider prepared a supplemental abstract and delivered it to the Texas Realty Company, which showed a release of the vendor's lien securing the two notes, and that Mitchell at the time was the agent of the Texas Realty Company and knew the supplemental abstract of title was prepared; that McElroy had transferred one or both of the notes to E. S. Lilienstern, who was holding them for the Guaranty Bond State Bank; that Mitchell and McElroy knew that there was no release of the vendor's lien; and that they were aiding and acting for and abetting Harkrider and the bank in perpetrating the fraud in Dallas county on appellant. It was further alleged that McElroy owned no interest in the two vendor's lien notes when he executed the release, but had prior to that time transferred the notes and lien to E. S. Lilienstern, which transfer was recorded in Titus county six months prior to the purported release and the preparation by Mitchell of the supplemental abstract of title. It was also alleged that judgment had been obtained on the two notes and the vendor's lien foreclosed in the district court of Titus county by the Guaranty Bond State Bank.

The court sustained the plea of privilege and transferred the cause as to the bank and McElroy to Titus county. No evidence was heard on the merits of the plea of privilege, the judgment having no other basis except a failure upon the part of appellant to furnish certified copies of the controverting plea and

order setting the case to appellees until after the time prescribed by statute.

The trial judge found as facts that on November 22, 1927, appellant filed its controverting pleas to the pleas of privilege filed by McElroy and the bank, and on same date deposited a duplicate copy of said controverting pleas with the district clerk; that on November 23, appellant's attorney telephoned the attorneys of the bank and McElroy that he had filed the controverting affidavits with the clerk. On December 10, appellant's attorney wrote the attorneys of appellees requesting an agreement that the plea of privilege be tried at the same time that the case was tried on its merits; but appellees declined to enter into such an agreement and insisted on a separate trial. A duplicate original copy of the order of the setting of the hearing for December 21 was handed by appellant's attorney to appellees' attorneys on December 14. The judge further found "that no certified copy of the controverting pleas or order of the judge setting the hearing for December 21, 1927, was issued or served on said defendants or their attorney until December 19, 1927."

The pleas of privilege were filed on November 2, 1927, and the controverting affidavit was filed on November 22, 1927. The law as to time of filing pleas of privilege and contests, as applied in counties having two or more district courts, is in force as to Dallas county, and in subdivision 14 of article 2092, Revised Statutes of 1925, it is provided that a contest of a plea of privilege in such counties shall be filed within 20 days after the appearance day, and, if such contest is filed, the same when filed shall be set for hearing by the court within not exceeding 30 days after being filed. The controverting affidavit, or contest as it is called in the section to which reference is made, was filed in time, that is, within 20 days from appearance day, and no objection to the plea is urged on that ground. On the date of the filing appellant deposited a duplicate copy of each of the controverting pleas with the district clerk of Dallas county, and on the following day telephoned appellees' attorney that he filed with the clerk controverting pleas; then, on December 10, 1927, wrote attorneys of appellees to have the trial as to pleas of privilege at same time with trial on merits. Appellees' attorneys did not disclaim knowledge of the filing of the controverting pleas, but wrote declining to try all the issues at the same time, but desired a separate trial on the pleas of privilege. They were undoubtedly fully apprised of the filing of the controverting pleas, and showed it by the terms of the letter written by them. So, in regard to the order setting the hearing of the pleas, a duplicate original copy of the order of the judge setting the hearing for December 21, 1927, was by plaintiff's attorney handed to the attorney of said defendants on December 14, 1927, but the same was not a certified copy.

The allegations of the petition show a case of fraud perpetrated on appellant in Dallas county, and that McElroy and the bank were parties to it. The facts show a conspiracy, whether pleaded in terms or not, and a participation in the fraud would place venue as to all the parties in Dallas county. The only real question presented in this case is whether it is absolutely essential to the vitality of a controverting affidavit to a plea of privilege that a certified copy of the affidavit and a certified copy of the order setting a time for the hearing on the plea be served on the party pleading venue, no matter if the party has full actual knowledge of the controverting plea and the order of setting and could not possibly have had any right prejudiced by a failure to serve the certified copies. The certified copies of the controverting affidavit and order of the court were served on appellees before the day of the trial, and, as the court was authorized by the act to postpone the hearing of the case for more than 10 days from the day of original setting, he should have done so. Appellees did not seek a postponement, and the court did not exercise his power to postpone the trial of the plea until certified copies could be served to the satisfaction of appellees. Appellees were not injured or in the least discommoded by a failure to have the certified copies served on them, and, while we think the real intent and object of the law was realized by the acutal notice to them, still under the provisions of subdivision 14, art. 2092, the court should have in equity and justice postponed a hearing on the plea. Justice is ofttime denied by adhering to the letter of the law, "for the letter killeth, but the spirit giveth life." Powers are given the trial judge in the section and article cited not given in the old statute, and those powers should be used in the attainment of evenhanded justice.

Under the old article it was held that it is mandatory to give the notice of filing of the controverting affidavit according to the letter of the law, and the opinion reads into it the declaration that the service must be made by "the proper officer of the court," drawing that conclusion from the word "service" used in article 2008. McGhee v. Maxey (Tex. Civ. App.) 230 S. W. 735. We think article 2092 has superseded the practice provided in article 2008, so far as concerns the counties to which it is applied. That article relates to the rules of practice and procedure of civil district courts in counties having two or more district courts with civil jurisdiction only, and under the provisions of subdivision 14 of the last act there is no method of notice prescribed. In article 2093 it is provided: "All inconsistent laws and rules of practice and procedure shall be inoperative in the civil district courts

of the class included within this chapter. * * * "

It cannot seriously be contended that subdivision 14 of article 2092 does not set aside the provisions of articles 2007 and 2008, so far as the district courts for which article 2092 was enacted, in most particulars, and takes the place of those two articles in the main points. It would be difficult to enforce one part of the old statute and ignore other parts. The cases of Federal Supply Co. v. Bailey (Tex. Civ. App.) 297 S. W. 235, and Davis v. Oil Co. (Tex. Civ. App.) 259 S. W. 298, were decided under the general law.

The judgment of the lower court will be reversed and the cause remanded, with instructions to the district court to try the pleas of privilege and controverting affidavits on the merits as shown by evidence.