**JUSTIN McCARTY, Inc., v. ASH et al.**
**(No. 1842.)**

Court of Civil Appeals of Texas. Beaumont.
May 31, 1929.

King, Wood & Morrow, of Houston, and Mantooth & Denman, of Lufkin, for appellant.

Collins & Musslewhite, of Lufkin, for appellees.

O'QUINN, J. This is an appeal from an order overruling appellant's plea of privilege to be sued in Dallas county, the county of its domicile. Jessie Ash, joined by her husband, sued appellant in the district court of Angelina county, alleging that appellant was a corporation with its principal office and domicile in Dallas county, Tex., with Justin S. McCarty as its president, and E. H. Morris and K. Morris, both resident citizens of Angelina county, to recover for damages for personal injuries claimed to have been sustained by appellee Jessie Ash, resulting from the alleged wrongful and negligent acts of appellant and E. H. Morris and K. Morris, amounting in law to trespass.

The material allegations of plaintiffs are substantially as follows:

(1) That plaintiffs are resident citizens of Angelina county, Tex.; that the defendant Justin McCarty, Inc., is a corporation duly incorporated under the laws of the state of Texas with its principal office and place of business in Dallas county, Tex.; and that the

defendants E. H. Morris and K. Morris are residents of Angelina county, Tex.

(2) That on March 18, 1928, a traveling salesman and agent of defendant Justin McCarty, Inc., delivered to the defendants E. H. and K. Morris for storage in Lufkin, Angelina county, Tex., an automobile owned by the defendant Justin McCarty, Inc., and loaded with its merchandise, knowing that said automobile would be operated on and over the streets of Lufkin, and without disclosing to its codefendants, E. H. and K. Morris, certain mechanical defects then and there existing in said automobile, which would render it dangerous to the public generally to operate it on and over the streets of Lufkin in its then defective mechanical condition.

(3) That said automobile was equipped with imperfect and defective brakes, and that said salesman or agent of defendant Justin McCarty, Inc., failed to inform said E. H. and K. Morris of the defective brakes on said automobile.

(4) That said E. H. Morris and K. Morris, without knowledge of the defective condition of the brakes on said automobile, placed one of their employés in charge of said automobile and directed him to drive same on and over the streets of Lufkin to the place where same was to be stored for the night; that said employé and agent of E. H. and K. Morris, while so driving said automobile on Shepherd avenue, a public street in the town of Lufkin, attempted to turn to the left at the street intersection and attempted to reduce the speed of the automobile in order to make the turn, but was unable to do so by reason of the defective brakes, as a result of which the automobile ran upon the sidewalk and onto and upon the plaintiff Jessie Ash, inflicting upon her the serious injuries made the basis of this suit.

(5) Plaintiff specially alleged that the injuries suffered by the plaintiff Jessie Ash were directly and proximately caused by one or more of the following acts of negligence, acting singly or concurrently, to wit:

"(a) The defendant, Justin McCarty, Inc., its agent, servant, employé or representative in charge of said car was guilty of negligence in allowing the brakes of said car to become in an imperfect and defective condition of repair and in such condition of repair as to not enable one operating it to control and stop said car therewith as one could ordinarily do if said brakes were in good condition of repair, and in delivering said car to the defendants E. H. Morris and K. Morris on the occasion involved, without informing them or their employé of such defective condition of the brakes, and in permitting it to be placed by them upon the public streets of Lufkin in such defective condition of repair."

"(b) The defendants, E. H. Morris and K. Morris, their servant or employé in charge of the operation of the car on the occasion involved, were guilty of negligence in that said employé in charge of said car, failed to exercise ordinary care in the operation of said car for that he was driving upon the streets of Lufkin at a high, dangerous and reckless rate of speed in violation of the city ordinance of the City of Lufkin and of the statutes of this state relating thereto."

Plaintiffs then pleaded the injuries to plaintiff, Jessie Ash, the damages she sustained by reason of the alleged negligent acts of the defendants, and prayed for judgment in the sum of $50,000.

Defendants E. H. and K. Morris duly answered.

The defendant Justin McCarty, Inc., in due time filed its plea of privilege to be sued in Dallas county, Tex., the county of its domicile. Thereupon the plaintiffs filed the following controverting affidavit, omitting formal parts, viz.:

"To Said Honorable Court:

"Now comes the plaintiffs in the above entitled and numbered cause, and file, under oath, this their controverting answer and reply to the defendants' plea of privilege filed in this cause on October 29th, 1928, wherein it pleads its privilege to be sued in Dallas County, Texas, and for answer thereto and controverting said plea would respectfully show:

1. "Said plea should not be sustained but in all things overruled by this Honorable Court because this Court has jurisdiction both of the person and subject matter of this action, for that it is a suit brought by the plaintiffs to recover damages of the defendants, Justin McCarty, Inc., and E. H. Morris and K. Morris, on account of certain acts of negligence alleged to have been committed by the defendants as a direct and proximate result of which the plaintiff, Jessie Ash, was seriously and permanently injured on one of the public streets of the City of Lufkin, Angelina County, Texas, on the 18th day of May, A. D. 1928. That the plaintiffs base their action and right to recover upon the following grounds of negligence, to wit:

" 'Plaintiffs allege that the injuries inflicted upon the plaintiff, Mrs. Jessie Ash, were directly and proximately caused by one or more of the following acts of negligence, acting either singly or concurrently to produce said injury and damage:

" '(a) The defendant, Justin McCarty, Inc., its agent, servant, employee or representative in charge of said car was guilty of negligence in allowing the brakes on said car to become in an imperfect and defective condition of repair and in such condition of repair as to not enable one operating it to control and stop said car therewith as one ordinarily could do if said brakes were in good condition of repair, and in delivering said car to the defendants, E. H. Morris and K. Morris on the occasion involved without informing them or

their employee of such defective condition of the brakes, and in permitting it to be placed by them upon the public streets of Lufkin in such defective condition of repair.

" '(b) The defendants, E. H. Morris and K. Morris, their servant or employee in charge of the operation of the car, on the occasion involved, were guilty of negligence in that said employee in charge of said car, failed to exercise ordinary care in the operation of said car for that he was driving upon the streets of Lufkin at a high, dangerous and reckless rate of speed in violation of the city ordinance of the City of Lufkin and of the statutes of this State relating thereto.'

2. "Plaintiffs further represent and show that this action is brought against the defendant, Justin McCarty Inc., and against the defendants, E. H. Morris and K. Morris, charging that said defendants are joint tort feasors and that they jointly were guilty of acts of negligence which contributed to proximately produce the injuries suffered by the plaintiff, Jessie Ash, and that the defendants, E. H. Morris and K. Morris, both reside in Angelina County, State of Texas, and that the cause of action sued on herein arose in Angelina County, State of Texas, and that this Court has jurisdiction over all the parties defendant by reason thereof, since Art. 1995 of the Revised Civil Statutes of Texas, subdivision 29 (a) thereof, as amended by the Fortieth Legislature, First Call Session, page 197, Chapter 72, Section 2, provides:

" 'Whenever there are two or more defendants in any suit brought in any County in this State and such suit is lawfully maintainable therein under the provisions of Art. 1995 as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto.'

3. "Plaintiffs further show that this action is maintainable in this Court as the Court of proper venue and jurisdiction over the person of the defendants by reason of the rights conferred by Art. 1995, subdivision 4, Revised Civil Statutes of Texas, which reads as follows: 'If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants reside.'

4. "Plaintiff further shows that the grounds of negligence alleged herein are negligent acts committed by the defendants, and not those which result from a mere omission of duty, and, therefore, constitute a 'trespass' within the meaning of Section 9 of Article 1995 of Vernon's Sayles Revised Civil Statutes which confer jurisdiction and venue upon this court, it being the county where such trespass or acts of negligence were committed by the defendants.

"Wherefore, premises considered, plaintiffs pray the court that defendant's plea of privilege be in all things overruled.".

Hearing was had on the plea and same was overruled.

On the hearing it was agreed: That the plaintiffs and the defendants E. H. and K. Morris reside in Angelina county; that the plaintiffs' petition might be introduced in evidence without appellees waiving any objection to its admissibility or without admitting the truth of any allegation of fact or other allegation therein; that the accident occurred in Angelina county; that plaintiff Mrs. Jessie Ash sustained injuries as the result of being struck by an automobile; that defendant K. Morris would testify that the automobile in question had the name of Justin McCarty, Inc., on it; and that Harold Letcher, a traveling salesman, told him that the car belonged to Justin McCarty, Inc.

In addition to the agreed facts stated, plaintiffs introduced their petition and the answer of E. H. and K. Morris, to each of which defendant Justin McCarty, Inc., objected on the grounds that said pleadings were wholly irrelevant and immaterial to any issue involved in said hearing and was not evidence of any of the facts therein alleged or the contentions therein made, which objections were overruled by the court and defendant properly preserved its exceptions. This was all the evidence offered.

Appellant's first ten propositions all assert that the court erred in overruling its plea of privilege. These propositions are separately presented, but we shall discuss them together. We think the court erred in overruling the plea for the following reasons:

■ (1) It is our opinion that the allegations in plaintiffs' petition are insufficient to show such an act on the part of appellant as would in law amount to trespass under the statute prescribing venue. While the petition alleged certain acts of negligence on the part of appellant in connection with acts of the other defendants, these alleged acts of appellant did not amount to an active wrong or negligence. To constitute a trespass within the meaning of subdivision 9 of article 1995, Revised Statutes 1925, the act from which the injury flowed must have been wrongfully done, which wrongful act must have been willfully or negligently committed. The mere fact that the act of appellant in permitting the brakes on the car to be out of repair, if it did so, was negligence or constituted an omission to perform a duty, is not sufficient. Ricker, Lee & Co. v. Shoemaker, 81 Tex. 22, 16 S. W. 645; Rigby v. Gaines (Tex. Civ. App.) 6 S.W.(2d) 422; Jacobson v. Berwick (Tex. Civ. App.) 289 S. W. 1035.

■ (2) It affirmatively appears from the allegations of plaintiffs' petition that the plaintiffs' alleged cause of action does not arise from a breach of duty jointly owed to plaintiffs by Justin McCarty, Inc., and E. H. and K. Morris, nor from any concert of action between said defendants; it affirmatively appearing from the allegations in said petition that there is no joint liability of said defendants to plaintiffs, for in that the li-

768

ability of said defendants to plaintiffs is separable and single and distinct and independent each from the other. The acts of negligence charged by plaintiffs, if established, would not make the defendants joint tort-feasors, because the petition does not allege a joint duty owed to plaintiffs by the defendants, nor any concert of action on their part resulting in the injury. Evans v. American Pub. Co. (Tex. Civ. App.) 8 S.W. (2d) 809; Anderson v. Smith (Tex. Civ. App.) 231 S. W. 142 (writ refused); Verheyen v. Dewey, 27 Idaho, 1, 146 P. 1116; 4 Words and Phrases, Third Series, Joint Tort-Feasors, page 599; 38 Cyc. Torts, subd. b, pp. 484-485.

■ (3) Appellees' contention that they were entitled to maintain their suit against appellant in Angelina county by virtue of article 1995, § 29a, which provides that "whenever there are two or more defendants in any suit brought in any county in this state and such suit is lawfully maintainable therein under the provisions of Article 1995 as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto," cannot be sustained. As before stated, it affirmatively appears from the allegations in plaintiffs' petition, brought forward in their controverting affidavit, that their cause of action does not arise from a breach of duty jointly owed plaintiffs by defendants, Justin McCarty, Inc., and E. H. and K. Morris, nor from any concert or negligent action between said defendants resulting in the injury alleged and made the basis of this suit; it affirmatively appearing from the allegations in said petition and controverting affidavit that there is no joint liability of said defendants to the plaintiffs, for the reason that the liability of said defendants to plaintiffs is separable, single, distinct, and independent, each from the other. Therefore, the defendant Justin McCarty, Inc., appellant, was not a necessary party defendant to a suit in Angelina county against the defendants E. H. and K. Morris by plaintiffs for damages as alleged. Wool Growers' Central Storage Co. v. Edwards (Tex. Civ. App.) 10 S.W.(2d) 577; Jaffee v. Walkup (Tex. Civ. App.) 2 S.W.(2d) 480.

■ (4) The law requires, that, in order to maintain the suit against the defendant Justin McCarty, Inc., a resident of Dallas county, in Angelina county, it was incumbent upon plaintiffs to both allege in their controverting affidavit and then to prove facts that under the law would authorize them to bring and maintain their suit in said county. In the first place, we do not believe that such facts are alleged, but, if so, then we do not believe that proof of same has been made. The agreed facts are not sufficient, and the only other evidence offered was plaintiff's

petition and the answer of defendants E. H. and K. Morris, residents of Angelina county. Appellant objected to the admission of both of these pleadings as evidence, on the grounds that same were irrelevant and immaterial and not evidence of the facts therein alleged. The allegations of the petition being brought forward in the controverting affidavit could be looked to as a basis for the admission of evidence to establish the existence of facts, but could not be considered as evidence to establish the existence of any fact relied upon to confer venue of the suit on the court below—in other words, the allegations in the petition were not proof of the facts alleged. World Co. v. Dow, 116 Tex. 146, 287 S. W. 241; Meadows & Co. v. Turner (Tex. Civ. App.) 270 S. W. 899; Citizens' Nat. Bank v. Bank & Trust Co. (Tex. Civ. App.) 11 S.W. (2d) 242; First Nat. Bank v. Bulls (Tex. Civ. App.) 243 S. W. 577. The answer of defendants E. H. and K. Morris may have been admissible against them on a trial of the case on its merits, if it contained any averments which might be considered as admissions against their interest, but in the instant hearing it was not admissible against appellant Justin McCarty, Inc., upon any theory. Furthermore, the mere allegation of fact in said answer could not be considered as evidence proving the existence of any fact alleged therein. The agreed facts not being sufficient, and the pleadings offered in evidence not being proof of the facts alleged therein, and there being no other evidence, the proof made by appellees on the hearing of the plea of privilege failed to make a prima facie case against any of the defendants, and, therefore, on no theory can the venue as against appellant be maintained in Angelina county.

The judgment is reversed and remanded, with instructions to the trial court to sustain the plea of privilege and transfer the cause as to the defendant Justin McCarty, Inc., to the district court of Dallas county, Tex.