**DUVALL v. BOYER.**

No. 10721.

Court of Civil Appeals of Texas. Dallas.
Nov. 19, 1930.

Rehearing Denied Jan. 17, 1931.

M. F. Billingsley, of Munday, for appellant.
John Doyle, of McKinney, for appellee.

**182**

**VAUGHAN, J.**

This suit was filed in the court below by appellee Boyer, a resident of Grayson county, Tex., against one T. W. McGraw and appellant, E. Duvall, as defendants, appellant being a resident of Knox county, and appellee and McGraw being residents of Grayson county, to recover the sum of $2 per acre, alleged by appellee to have been contracted to be paid by appellant to said McGraw for the execution of certain oil leases by McGraw to appellant, leasing to said appellant, 1,185 acres of land at $2 per acre. Appellee further alleged that, for a valuable consideration by him paid to said McGraw, he, in due course of business, transferred and assigned said lease contracts to and guaranteed the payment of the sums of money sued for to appellee, whereby he became in his own right entitled to demand payment and collect said sums of money; that appellant had paid on his said obligation the sum of $300, and was still indebted on account thereof in the sum of $2,500.

Appellant, in due time, filed his plea of privilege to be sued in Knox, the county of his residence, alleging that "no exception to exclusive venue in the county of one's residence, provided by law, exists in said cause." Appellee contested said plea of privilege, on the ground that his cause of action was against both appellant and said defendant McGraw and he was, under the allegations contained in his petition, entitled to a judgment against both of said parties on the same cause of action, and therefore, under subdivision 4 of article 1995, R. S. 1925, and subdivision 29a, added to said article by the 40th Legislature, First Called Session, c. 72 (Acts 1927 p. 197 [Vernon's Ann. Civ. St. art. 1995, subd. 29a]), said appellant and McGraw were suable in Grayson county, where said McGraw, one of the parties defendant to said suit, resided.

██ Said plea of privilege was filed September 26, 1929. Appellee filed his controverting affidavit October 10, 1929, which was fundamentally defective, in that, it did not set out specifically the facts relied upon to confer venue of this cause as to appellant on the court below. The trial court set the hearing on said plea and controverting affidavit for October 28, 1929. Said hearing was, by the agreement of the parties litigant, continued to November 8, 1929, on which date the following proceedings were had: Appellee, under leave of the court, filed his amended controverting affidavit complying with the requirements of article 2007, R. S. 1925, in the matter of alleging facts necessary to confer venue on a court under one of the exceptions to the general rule fixing venue in the county of one's domicile; appellant filed a general demurrer and four special exceptions addressed to said amended controverting affidavit; appellant and appellee announced ready for the hearing set for that date, and the order appealed from overruling appellant's plea of privilege was then entered. Appellant contends that it was error for the trial court to permit appellee to amend his controverting affidavit, on the ground that under the provisions of article 2007, supra, said affidavit was required to be filed within five days after appearance day, and to set out specifically the facts relied upon to confer venue upon the court in which this suit was filed, and as said amendment was not filed until after the expiration of said five days, the material omissions in the original affidavit could not be supplied by, nor said amendment accepted as, a compliance with said provisions of article 2007. This contention cannot be sustained and is overruled, under the authority of Miller v. Fram (Tex. Civ. App.) 2 S.W.(2d) 1008, in which it is held that, "A controverting affidavit addressed to a plea of privilege is amendable under the same rule with like effect as other pleadings, the amendment relating back to and superseding the original affidavit."

██ Appellant also contends that the court erred in overruling his first special exception addressed to appellee's amended controverting affidavit. Said exception was not presented to the court; therefore we are not required to consider this proposition. However, if we were to pass upon said proposition, same would have to be overruled, because the grounds of same—viz., that the following requirements of article 2008, R. S. 1925, were not complied with, (a) that the trial court failed to note upon the controverting affidavit a date for a hearing, (b) that a copy of said affidavit, together with the trial judge's notation thereon, was not legally served upon appellant—were waived when appellant agreed that the hearing set by the court should be postponed, and again waived when he appeared and announced ready to proceed with the hearing on the issues raised by his plea of privilege and appellee's controverting affidavit, and that the court did not err in proceeding to hear and determine said issues just as if all of the requirements of said article 2008, R. S. 1925, had been complied with. Humble Pipe Line Co. v. Kincaid et al. (Tex. Civ. App.) 19 S.W.(2d) 144; Republic Ins. Co. v. Harkrider et al. (Tex. Civ. App.) 12 S.W.(2d) 250.

██ Appellant urges the proposition that subdivision 4, art. 1995, R. S. 1925, providing that the transfer or assignment of a note or chose in action shall not entitle any subsequent holder to sue thereon in any other county than that in which said suit could have been prosecuted if no assignment or transfer had been made, required that his plea of privilege be sustained.

Appellee's cause of action was based upon a chose in action that had its origin between appellant and defendant McGraw in Knox county, in which county this suit could have been prosecuted if said chose in action had not been assigned, and transferred by said McGraw to appellee. Appellee counters this proposition by the contention that said provision of subdivision 4, supra, relied upon by appellant to sustain his proposition, is in conflict with subdivision 29a, supra, which reads as follows: "Whenever there are two or more defendants in any suit brought in any county in this State and such suit is lawfully maintainable therein under the provisions of article 1995 as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto," and if not in conflict with the quoted provisions of said subdivision 4, so as to supersede same, that nevertheless the court below properly overruled appellant's plea of privilege, as the words "necessary parties," as used in said subdivision 29a, were properly construed to mean such parties as had, before the enactment of said subdivision 29a, been permitted to be joined in one action to prevent a multiplicity of suits, and that it would have been error for the court below to have construed same to mean as contended by appellant, viz., parties having an interest in the subject-matter of a suit filed, of such a nature that a final judgment could not be rendered in such suit without effecting such interest. Does the conflict exist as contended for by appellee? It has been so decreed by the Fourth Court of Civil Appeals in Citizens National Bank of Waco v. Del Rio Bank & Trust Co., 11 S.W. (2d) 242. This opinion has been carefully considered, and we regret to say that we are not able to harmonize our views with the conclusion reached therein.

A partial review of the history of the legislation anent said subdivision 4, we think, will be of some assistance in determining this question. Our venue statute was originally enacted by the First Legislature of the State of Texas, Acts 1846, p. 363, § 1, subd. 3 thereof, now subdivision 4, supra, as originally enacted, read as follows: "In cases where there may be two or more defendants, residing in different counties, in which cases the plaintiff may institute suit in any county where any of such defendants may reside." Section 3, supra, continued without change in its meaning or effect until amended on April 16, 1913, by the 33d Legislature, c. 177, p. 424, adding thereto the provision, supra, relied upon by appellant as sustaining his plea of privilege. The only change produced in said original section by said added language was to prevent the application of the exception created by the original language of said subdivision 4 to suits based on notes or choses

in action by a subsequent holder under transfer or assignment thereof, such subsequent holder being thereby denied the right to institute suit thereon in any other county than the county in which such suit could have been prosecuted if no assignment or transfer had been made. In all other respects, the effect of the original language of said subdivision 4 was undisturbed as the right to assert the exceptions created by said subdivision 4 remained unimpaired and enforceable in all of the cases except the one class specifically condemned and prohibited by said added language.

What effect was produced on said subdivision 4 as amended by the 33d Legislature, supra, by said subdivision 29a? We think this can best be ascertained by assembling said Acts of May 13, 1846, April 16, 1913, and June 7, 1927, and consider the context of same as if constituting originally one and the same act, viz.: (a) "No person who is an inhabitant of this State shall be sued out of the county where he has his domicile except in the following cases * * * (3) In cases where there may be two or more defendants, residing in different counties, in which cases the plaintiff may institute suit in any county where any of such defendants may reside." (b) "Provided that the transfer or assignment of a note or chose in action shall not give any subsequent holder the right to institute suit on such note or chose in action in any other county or justice precinct than the county or justice precinct in which such suit could have been prosecuted if no assignment or transfer had been made." (c) "Whenever there are two or more defendants in any suit brought in any county in this State and such suit is lawfully maintainable therein under the provisions of article 1995 as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto."

We are of the opinion that, tested by the hereinafter stated generally accepted rules of statutory construction, contained in Lewis' Sutherland, Statutory Construction, vol. 1 (2d Ed.), no conflict exists between any of the provisions of said legislative enactments; in fact, not even any vital inconsistencies, viz.: Part of section 246, reading: "Where a statute repeals all former laws within its purview, the intention is obvious and is readily recognized to sweep away all existing laws upon the subjects with which the repealing act deals. The purview is the enacting part of a statute, in contra-distinction to the preamble; and a repeal of all acts within the purview of the repealing statute should be understood as including all acts or parts of acts in relation to all cases which are provided for by the repealing act, and no more. But a statute may have the effect to repeal a former statute or some provision of it though

it be silent on the subject of repeal. In such cases repeal is inferred from necessity, if there be such conflict that the old and new statutes cannot stand together. Repugnancy in principle merely, between two acts, forms no reason why both may not stand." Part of section 247, reading: "An implied repeal results from some enactment the terms and necessary operation of which cannot be harmonized with the terms and necessary effect of an earlier act. In such case the later law prevails as the last expression of the legislative will; therefore, the former law is constructively repealed, since it cannot be supposed that the law-making power intends to enact or continue in force laws which are contradictions. The repugnancy being ascertained, the later act or provision in date or position has full force, and displaces by repeal whatever in the precedent law is inconsistent with it; * * * The intention to repeal, however, will not be presumed, nor the effect of repeal admitted, unless the inconsistency is unavoidable, and only to the extent of the repugnance * * * Repeals by implication are not favored. This means that it is the duty of the court to so construe the acts, if possible, that both shall be operative. 'When some office or function can by fair construction be assigned to both acts, and they confer different powers to be exercised for different purposes, both must stand, though they were designed to operate upon the same general subject' * * * 'There must be such a manifest and total repugnance that the two enactments cannot stand' * * * where two acts are seemingly repugnant, they should, if possible, be so construed that the latter may not operate as a repeal of the former by implication * * * One statute is not repugnant to another unless they relate to the same subject and are enacted for the same purpose. 'It is not enough that there is a discrepancy between different parts of a system of legislation on the same general subject; there must be a conflict between different acts on the same specific subject.' When there is a difference in the whole purview of two statutes apparently relating to the same subject, the former is not repealed."

This view of the law in reference to the effect of and the construction that should control, to determine the validity of said legislative enactments, is very cogently and logically upheld in the case of Oakland Motor Car Co. v. Jones, 29 S.W.(2d) 861, by the Eleventh Court of Civil Appeals; in this respect, also see Justin McCarty, Inc., v. Ash et al. (Tex. Civ. App.) 18 S.W.(2d) 765.

■ The position of appellee, based on the construction urged by him as proper to be placed on the language, "any and all necessary parties thereto" of said subdivision 29a, supra, has been sustained by the following reported cases, which, after careful consideration, we find we cannot conform our views to, the variance being fundamental, viz.: McCarroll et al. v. Edwards, 22 S.W.(2d) 684, by the Sixth Court of Civil Appeals; Sproles v. Schepps et ux., 26 S.W.(2d) 922, by the Third Court of Civil Appeals. However, we find ourselves in agreement with the pronouncement made on the question in the case of Oakland Motor Car Co. v. Jones, supra, and Justin McCarty, Inc., v. Ash et al., supra, and on said authorities we hold that the words "any and all necessary parties thereto" should be construed to mean "all persons whose presence is necessary to the determination of the entire controversy," viz., those who are interested in resisting demands of plaintiff immediately or subsequently and whose rights will be affected thereby. See, also, Barmore v. Darragh (Tex. Civ. App.) 227 S. W. 522, 523; Consolidated Gas Co. of New York v. Newton (D. C.) 256 F. 238, 245; Hansen v. Carr, 73 Cal. App. 511, 238 P. 1048, 1050; United States v. United Shoe Machinery Co. (D. C.) 234 F. 127, 140.

■ Under the case, as made both by the pleadings and evidence, we hold that appellant was not, within the meaning of said subdivision 29a, art. 1995, supra, a necessary party to the suit filed by appellee on said chose in action, transferred to him by defendant McGraw, as his cause of action against defendant McGraw may be prosecuted to a full and final conclusion between said appellee and McGraw without reference to or determining in any respect appellee's rights asserted in said suit against appellant, the liability of said McGraw being that of guarantor, and appellant that of maker, of the chose in action declared upon. We are therefore of the opinion that the judgment of the court below, overruling appellant's plea of privilege, should be reversed and judgment rendered sustaining same, with instruction to the court below to enter an order transferring this suit as between appellee Boyer and appellant to the district court of Knox county, Tex., and it is so ordered and adjudged.

Reversed and rendered with instructions.

On Appellee's Motion for Rehearing.

Appellee very earnestly and cogently contends, as grounds for the granting of his motion for rehearing, that we erred in our construction of article 1995, subdivision 4, R. C. S. 1925, and subdivision 29a, added to our venue statute, title 42, chapter 1, subdivision 4, R. C. S. 1925 by Acts 40th Legislature (1st Called Sess.), c. 72 page 197, § 2 (Vernon's Ann. Civ. St. art. 1995, subd. 29a). In support of this contention, appellee places great stress upon article 6251, R. C. S. 1925, viz.:

"No surety shall be sued, unless his principal is joined with him, or unless a judgment has previously been rendered against his principal, except in the cases otherwise provided for in the laws relating to parties to suits." And upon article 6252, Id., viz.: "The remedy provided for sureties by this title extends to endorsers, guarantors, drawers of bills which have been accepted, and every other suretyship, whether created by express contract, or by operation of law."

■ Predicated upon said articles 6251 and 6252, appellee reasons that, as appellant, under the provisions of said articles, was a necessary party in order for his suit to be maintained against McGraw, as guarantor, "appellant was properly sued in the county where McGraw resides." Let it be conceded that, under the facts of this case (it not being a case "otherwise provided for in the laws relating to parties to suits") that appellee could not maintain his suit against McGraw on his guaranty, unless appellant, his principal, was joined with him, on the ground that appellant was an indispensable party to the suit, what would be the effect of said articles 6251 and 6252 on a suit brought only against McGraw as guarantor? To cause the suit to be abated on the filing of a proper plea supported by the record or requisite proof; only this and nothing more. Said articles could not alone support a plea in bar or one of privilege, even if McGraw was so sued out of the county of his residence. To sustain appellee's position anent the effect of said articles 6251 and 6252 would be to hold that same required a suit against a guarantor and his principal to be filed in the county of guarantor's residence, although suit against both could be properly brought in the county where the contract was payable, either by its express terms or the manner in which it was executed, viz., as under the facts in the instant case, the county where executed and where the maker resided, no place of payment being specifically named therein. Appellant, prior to and on the date the contract sued upon and the mineral or oil leases were executed, resided in Knox county, and from that date continued to so reside up to the trial of this cause. No one of the mineral leases alleged by appellee to have been executed by McGraw to, and accepted by, appellant were introduced in evidence. McGraw testified as follows: "The contract read in evidence has on this back of it this endorsement: 'July 20th, 1929. For consideration of one $1.00 Dollar cash, and other valuable considerations, I assign all my right, title and interest of inclosed contract to A. F. Boyer, and guarantee payment of same. [Signed] T. W. McGraw.' "

The only contract disclosed by the statement of facts that said witness McGraw could have referred to was a contract created by the following letters:

"Munday, Texas, February 3, 1927.
"Mr. T. W. McGraw,
"Munday, Texas.
"Dear Sir:
"I hereby agree to lease from you the following land: 400 acres out of Sur. 136, and 127½ acres out Sur. 139 and 138 in Block 45, H. & T. C. Ry. Co., and 289 acres out of the Elias Gilpin Survey, all in Haskell County, Texas, and Sub. Sur. No. 3 out of Orig. No. 6, D. G. Burnett land, and 209 acres out of Sur. No. 128, Blk. 45, H. & T. C. Ry. Co. survey in Knox County, Texas, aggregating 1185 acres of land, at the following terms: $2.00 an acre and $1.00 an acre rental per year for the period of 5 years, and you to allow me thirty days in which to prepare leases and titles, etc., you to sign as requested until all of said leases are perfected.
"Yours very truly
"[Signed]   E. Duval."

"Munday, Texas, Feby. 3rd, 1927.
"Mr. E. Duval,
"Munday, Texas.
"Dear Sir:
"I hereby agree to lease to you the following lands for oil and gas purposes: 400 acres out Sur. No. 136 and 127½ acres out of Sur. No. 138 & 139, and 289 acres out of the Elias Gilpin Survey, all in Haskell County, Texas; Sub. Sur. 3 out of Orig. No. 6, D. G. Burnett land and 209 acres out of Sur. 128 in Blk No. 45 H. & T. C. Ry. Co. survey in Knox County, Texas; at the price of $2.00 an acre bonus and $1.00 an acre rental per year for five years on Form 88 Commercial lease. You to have thirty days to prepare lease and title thereto, and I will sign lease for all or any part as you may request on the above terms.
"Yours very truly,
"[Signed]   T. W. McGraw."

■ Therefore, we are to assume that said indorsement so testified to by said witness was made on one of said letters as a component part of said alleged contract in which no place of payment was specifically stated. Under this state of facts, suit to enforce the payment of rents alleged to be due under said "contract" could only be brought against appellant in Knox county, the county of his residence, and the one embracing the town of Munday, the place where said contract was dated. Brown et al. v. Guaranty Security Co. (Tex. Com. App.) 265 S. W. 547. That appellee, under said articles 6251 and 6252, could not maintain this suit against McGraw unless appellant was joined with him, and by subdivision 4 of article 1995, supra, was required to file said suit in the county where the contract sued on was, as above determined, to be performed as to the payment of rents, could not create or cause

a conflict to exist between the terms of said statutory provisions; that said McGraw, as guarantor of the performance of the covenants to be kept by appellant, as to payment of rents under the involved contract, is properly suable in Knox county, where the rents sued for are payable because of the environments under which said contract was executed, as above stated, we think is sustained by the following authorities: Looney v. Le Geirse & .Co., 2 Willson, Civ. Cas. Ct. App. § 477; Yett v. Green, 39 Tex. Civ. App. 184, 86 S. W. 787; McCauley v. Cross et al. (Tex. Civ. App.) 111 S. W. 790; Citizens' State Bank of Alice v. Commonwealth Bank & Trust Co. (Tex. Civ. App.) 268 S. W. 1008. That subdivision 29a, supra, was not enacted as an amendment but as an addition to said article 1995, in that it was not intended by the Legislature that said subdivision 29a should repeal or be in conflict with any of the then existing sections of said article 1995, we think is quite manifest from the following language of the act creating said subdivision 29a, especially as to subdivision 4 of said article, as amended by the 33d Legislature, p. 424: "That a new Subdivision be added to Article 1995, to be designated as Subdivision 29a, reading as follows: * * * and such suit is lawfully maintainable therein under the provisions of Article 1995 as to any of such defendants. * * *"

The amendment of said subdivision 4, supra, by the 33d Legislature, we think was enacted in quite a measure as a special provision to apply to a particular class of litigation, and that its existence was intended to be preserved by the above language quoted from said act of the 40th Legislature.

Appellee's motion for rehearing is overruled.

Overruled.