## PAXTON v. FIRST STATE BANK OF TATUM.
### No. 4472.

Court of Civil Appeals of Texas. Texarkana.
May 23, 1934.

Rehearing Denied May 31, 1934.

Terry, Cavin & Mills, of Galveston, Sanders & McLeroy, of Center, Huggins, Kayser & Liddell, of Houston, Smith & West, of Henderson, and Joyce Cox, of Galveston, for appellant.

Brachfield & Wolfe, of Henderson, and J. G. Woolworth, of Carthage, for appellee.

JOHNSON, Chief Justice.

This is the second appeal by appellant, William Morton Paxton, from orders of the trial court overruling his plea of privilege to be sued in the county of his domicile. In Paxton v. First State Bank of Tatum et al., 42 S.W.(2d) 837, this court remanded the case because of the insufficiency of appellee's controverting affidavit. The mandate was issued out of this court on February 23, 1932. Upon leave of the trial court, appellee, bank, on March 1, 1932, filed an amendment to its original controverting affidavit. The court did not note thereon a date for hearing on the plea of privilege, and no copy of the amended controverting affidavit was served upon appellant. On June 25, 1932, the court set the case for trial on July 18, 1932. On June 27, 1932, attorneys for plaintiff by letter notified attorneys for defendant, Paxton, of the filing of the amended controverting affidavit, and of the setting. It appears that the case was subsequently continued from term to term by consent, and without prejudice, until January 24, 1933, when a hearing was had upon the amended controverting affidavit and plea of privilege; all parties being present and participating. After hearing the evidence for

plaintiff and for defendant, the court overruled the plea of privilege; from which order of the court defendant has appealed.

■ Under appropriate assignments of error appellant complains of the action of the trial court in overruling his motions (1) to strike appellee's amended controverting affidavit, (2) and to dismiss the case from the docket, (3) or to transfer it to the county of appellant's domicile. It being the contention of appellant that upon the case being remanded by this court it was the duty of the trial court to have immediately transferred it, since the time prescribed by law had expired for the filing of a controverting plea to appellant's plea of privilege. Article 2007, R. S. 1925, provides: "If the plaintiff desires to controvert the plea of privilege, he shall within five days after appearance day file a controverting plea under oath, setting out specifically the fact or facts relied upon to confer venue of such cause on the court where the cause is pending."

A controverting affidavit, though defective, is held to be amendable under the same rules and with like effect as other pleadings; the amendment relating back to and superseding the original affidavit. Duvall v. Boyer (Tex. Civ. App.) 35 S.W.(2d) 181; Miller v. Fram (Tex. Civ. App.) 2 S.W.(2d) 1008. Appellee's original controverting affidavit, though defective, was timely filed and the trial court was not in error in permitting appellee to amend it. In E. L. Witt & Sons v. Stith (Tex. Civ. App.) 212 S. W. 673, second appeal (Tex. Civ. App.) 265 S. W. 1076, plaintiff was permitted to file an original controverting affidavit after the case was remanded.

■■ Appellant further contends that the trial court erred in overruling his motions to strike the amended controverting affidavit and to dismiss or transfer the case, for lack of an immediate setting, notice, and service of a copy of the amendment upon appellant. Article 2008, R. S. 1925. Upon filing of the amended controverting affidavit, the trial judge did not note thereon a time for a hearing of the plea of privilege, and no copy of the amendment was served upon appellant. This provision of the statute may be waived. The procuring of a postponement and subsequently proceeding with the hearing by defendant, after the plaintiff had filed an amended controverting affidavit, is held to constitute such a waiver. Duvall v. Boyer, supra. In E. L. Witt & Sons v. Stith (Tex. Civ. App.) 265 S. W. 1076, plaintiff's appeal after order overruling plea of privilege was held to be a sufficient appearance to eliminate the necessity of notice and service of a copy of the amended controverting affidavit upon plaintiff at another trial. In the present case, after the amended controverting affidavit was filed by the appellee, bank, and after defendant had been notified by letter of the filing of the amendment, and after the case had been set for a hearing, the defendant subsequently appeared and agreed to continuances, and on one occasion filed a written motion for continuance, and on the date set for the hearing, January 24, 1933, defendant appeared and filed an amended answer in the case, and entered into the hearing and urged his plea of privilege on its merits; by reason of which facts it is thought that the defendant waived lack of immediate setting, notice, and service of a copy of the amended controverting affidavit. Humble Pipe Line Co. v. Kincaid (Tex. Civ. App.) 19 S.W.(2d) 144; and the authorities above cited.

■ Appellee's amended controverting affidavit was not subject to appellant's demurrer, for insufficient allegations of facts to confer jurisdiction upon the district court of Rusk county. Appellee's amended controverting affidavit in substance alleges that appellant, Paxton, while employed as cashier of appellee bank, in Rusk county, in violation of law, fraudulently abstracted certain sums of money from the bank, embezzled and misapplied it to his own use and benefit; same being property of the bank. The facts under which such alleged offense and misfeasance are claimed to have been accomplished, and upon which plaintiff seeks to recover against defendant, are fully set out in plaintiff's petition which is made a part of the amended controverting affidavit. The facts alleged bring the case within the provisions of subdivision 9, article 1995, R. S. 1925, providing: "A suit based upon a crime, offense, or trespass may be brought in the county where such crime, offense, or trespass was committed, or in the county where the defendant has his domicile."

Appellant further contends that the evidence is insufficient to sustain appellee's controverting affidavit. We have examined the statement of facts, and cannot say as a matter of law that the plaintiff has failed to make out a prima facie case sufficient to confer venue.

The order and judgment of the trial court overruling the plea of privilege is affirmed.